UNITED STATES DISTRICT COURT OF MASSACHUSETTS

WORCESTER, ss.

CIVIL ACTION NO.

| | | |
|---|---|---|
| GEORGE  LABADIE and SUSAN CARCIERI,<br>　　　　Plaintiffs | ) ) ) ) | |
| v. | ) ) | **05-40148 FDS** |
| DANIEL ROSARIO, STANLEY CARPENTER, BRIAN HACKETT, W-G FEDERAL CREDIT UNION, DEBORAH BEANDO, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4,) JOHN DOE 5, and THE CITY OF WORCESTER, a Municipal Corporation,<br>　　　　Defendants | ) ) ) ) ) ) ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action for money damages against various police officers of the City of Worcester, Massachusetts, and against the W-G Federal Credit Union (the former employer of the Plaintiff Susan Carcieri), and the Credit Union's manager Deborah Beando.  The action arises from the violation of the Plaintiffs' constitutional rights and other harms resulting from conduct of the defendants in the course of a police investigation into a robbery at the Credit Union on August 27, 2002.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343 and the aforementioned statutory and constitutional provisions.  Plaintiffs further invoke the pendant jurisdiction of this Honorable Court to hear and decide claims arising under state law.

### PARTIES

3. The Plaintiff, George Labadie, [hereinafter simply "Labadie"] is an individual and a resident of the Commonwealth of Massachusetts at 521 Grafton Street, City of Worcester, Worcester County.

1

4.    The Plaintiff, Susan Carcieri, [hereinafter simply "Carcieri"] is an individual and a resident of the Commonwealth of Massachusetts at 521 Grafton Street, City of Worcester, Worcester County.

5.    The Defendant, Daniel Rosario, [hereinafter simply "Rosario"] is an individual and a resident of the Commonwealth of Massachusetts. He is sued individually and in his capacity as a Detective of the City of Worcester Police Department, Worcester, Worcester County.

6.    The Defendant, Stanley Carpenter, [hereinafter simply "Carpenter"] is an individual and a resident of the Commonwealth of Massachusetts. He is sued individually and in his capacity as a Detective of the City of Worcester Police Department, Worcester, Worcester County.

7.    The Defendant, Brian Hackett, [hereinafter simply "Hackett"] is an individual and a resident of the Commonwealth of Massachusetts. He is sued individually and in his capacity as a Detective of the City of Worcester Police Department, Worcester, Worcester County.

8.    The Defendant, John Doe 1, [hereinafter simply "Doe 1"] is an individual and a resident of the Commonwealth of Massachusetts whose given name is presently unknown to the Plaintiffs. He is sued individually and in his capacity as an Officer of the City of Worcester Police Department, Worcester, Worcester County.

9.    The Defendant, John Doe 2, [hereinafter simply "Doe 2"] is an individual and a resident of the Commonwealth of Massachusetts whose given name is presently unknown to the Plaintiffs. He is sued individually and in his capacity as an Officer of the City of Worcester Police Department, Worcester, Worcester County.

10.    The Defendant, John Doe 3, [hereinafter simply "Doe 3"] is an individual and a resident of the Commonwealth of Massachusetts whose given name is presently unknown to the Plaintiffs. He is sued individually and in his capacity as an Officer of the City of Worcester Police Department, Worcester, Worcester County.

11.    The Defendant, John Doe 4, [hereinafter simply "Doe 4"] is an individual and a resident of the Commonwealth of Massachusetts whose given name is presently unknown to the Plaintiffs. He is sued individually and in his capacity as an Officer of the City of Worcester Police Department, Worcester, Worcester County.

12.    The Defendant, John Doe 5, [hereinafter simply "Doe 5"] is an individual and a resident of the Commonwealth of Massachusetts whose given name is presently unknown to the Plaintiffs. He is sued individually and in his capacity as an Officer of the City of Worcester Police Department, Worcester, Worcester County.

13. The Defendant, W-G Federal Credit Union, [hereinafter simply "Credit Union"] is a credit union organized and existing under the laws of the United States with an principal place of business within the Commonwealth of Massachusetts at 530 Grafton Street, City of Worcester, Worcester County.

14. The Defendant, Deborah Beando, [hereinafter simply "Beando"] is an individual and, upon information, is a resident of the Commonwealth in the City of Worcester, Worcester County. Beando is the Manager of the W-G Federal Credit Union located at 530 Grafton Street in the City of Worcester, Worcester County.

15. The Defendant City of Worcester, is a municipal corporation in the Commonwealth of Massachusetts.

### ALLEGATIONS OF FACT

16. Plaintiffs hereby reallege, reassert, and herby incorporate herein, paragraphs 1 through 13 inclusive of the allegations of fact as though fully set forth herein.

17. The Plaintiffs are, and at all times material to the within Complaint, have been, husband and wife.

18. At all times pertinent hereto Labadie was self employed as a roofing contractor.

19. From approximately 1994 until August 29, 2002, Carcieri  was employed by the Credit Union where she started as a teller and eventually rose to the position of Office Manager.

20. At some point at or about 1995, the Plaintiffs purchased a business across the street from the Credit Union which consisted of a Getty gas station and Food Mart/convenience store. Carcieri left the Credit Union for a period of time to assist Labadie in the start up of the business then returned to the Credit Union and worked at both places. In addition to the within referenced business, Labadie also continued working as a roofing contractor.

21. As the Office Manager of the Credit Union, Carcieri would arrive earlier than the other employees in order to "set up" for the business day. At some time shortly before 7:00 A.M. on August 27, 2002, Carcieri walked from her home the short distance away to the Credit Union.

22. Carcieri walked to the rear door of the Credit Union and was in the process of unlocking the door when she was roughly grabbed from behind by an assailant who then pushed her through the door and told her: "Don't turn around and you won't get hurt, turn off the alarm." The assailant held Carcieri tightly from behind and used his body to push her towards the safe. Carcieri also believed she felt an object pressed upon her back which could have been a gun or a knife. He then forced Carcieri to her knees to open the safe. When Carcieri fumbled with the combination because of the

3

dim lighting, the assailant began screaming: "I'm not fucking around, open the safe." Carcieri was terrified. After opening the safe, while always being careful to remain behind Carcieri, the assailant forced Carcieri to a chair and tied her arms and legs to the chair. The assailant kept repeating: "Do not turn around; do not move your head."

23.    After securing Carcieri to the chair, the assailant made a call on his cell phone saying: "red dragon" and emptied the safe of its contents. He also ripped or pried open the tellers' boxes. After a period of time Carcieri heard the door open and close and just waited for another period of time to be sure the assailant was gone. Carcieri's assailant stole in excess of Two Hundred Thousand Dollars ($200,000.00), from the Credit Union. All of the currency taken from the safe was in various banded denominations.

24.    When Carcieri was sure that her assailant had left, still bound, she managed to maneuver the chair to an alarm and set it off. When no one immediately responded, she managed to again maneuver the chair to a phone and remove it from the cradle. She was able to dial 911 and reported the robbery. When police officers arrived, Carcieri was still bound to the chair but they failed, neglected and refused to untie her until detectives arrived upon the scene.

25.    Carcieri was taken by the police from the Credit Union and taken to Worcester police headquarters. There, her cell phone was taken from her. When her husband later telephoned, the police answered her phone and told Labadie not to come down. Carcieri repeatedly told the police what had happened as hereinabove set forth. While at the police station Carcieri was still extremely upset, traumatized and crying. Although Labadie did go to the police station he was not permitted to see his wife and Carcieri was released only after signing a "statement" which she was, in her emotional state, unable to read and comprehend through her tears.

26.    Labadie contacted attorney John N. Altomare, the Plaintiffs' real estate lawyer, who went to the station. Altomare advised Carcieri not to sign the written "statement" prepared by the police because he felt it did not accurately reflect Carcieri's verbal statements. Before Altomare departed with Carcieri, he gave the interrogation detective his business card and insisted that he be contacted if there was to be any future and further interrogation of Carcieri.

27.    On August 29, 2002, at around 12:30 P.M., Carcieri received a telephone call at home from Beando, the Manager of the Credit Union. Beando asked Carcieri if she could "come over to the Credit Union for a minute because I need your help." Such requests by Beando were not unusual even on Carcieri's days off or while on vacation and Carcieri said she would be over in a minute or two.

28.    Carcieri walked to the main entrance of the Credit Union on Grafton Street After
       entering she proceeded to the kitchen area on the main floor. As soon as Carcieri
       entered the kitchen, Doe 1 and Doe 2 literally burst through the door behind her and
       grabbed her forcefully by her arms. Carcieri had absolutely no idea what was
       happening and feared for her life and safety.

29.    Doe 1 and Doe 2, while still gripping Carcieri, led her through the first floor in front
       of the tellers and customers known to her. She was forcefully led up the stairs to the
       second floor into a small room where Doe 3 was seated behind a desk. Doe 3 told
       Carcieri that they were Worcester police detectives investigating the robbery of two
       days earlier. Doe 3 ordered Carcieri to sit down. Once she was seated, Doe 1 walked
       to the closed door and stood directly in front of it barring any exit. Doe 2 stood
       directly beside the seated Carcieri.

30.    Carcieri felt justifiably anxious, scared and intimidated.  On two separate occasions
       she requested that her attorney, John Altomare be contacted. Doe 3 refused to contact
       Altomare and told Carcieri that if she answered their questions truthfully, she did not
       need an attorney. Carcieri also told the detectives that she needed to leave as she had
       a commitment to pick up her grandchildren from pre-school and the 3rd grade at 2:20
       P.M. Carcieri demanded that she be permitted to contact her daughter regarding her
       inability to pick up her children as scheduled. The detectives refused to permit her to
       make any calls.

31.    The detectives refused to let Carcieri go or to call her attorney. Carcieri, whose
       grandfather had been a police officer who was killed in the line of duty, had always
       respected police officers but was terrified and began shaking uncontrollably.

32.    Each of the detectives took turns verbally badgering Carcieri and got so close to her
       that they literally spit on her face while they were yelling at her. Doe 3 told Carcieri
       that they knew Labadie had robbed the Credit Union and that Carcieri was "also in on
       it." Doe 3 told Carcieri that if she did not cooperate they would get a search warrant
       and ransack the Plaintiffs' home.

33.    At approximately 3:00 P.M. after almost two and one half hours of physical and
       verbal abuse, Carcieri again demanded to phone her daughter regarding the children.
       Doe 3 told Doe 1 to take Carcieri downstairs. Doe 1 again grabbed Carcieri by the
       arm and forcibly led her downstairs. Doe 1 would not permit Carcieri to use the
       phone but obtained the number from her and placed the call himself. Doe 1 refused to
       let the daughter speak directly with Carcieri and told her to "just go pick up your
       kids."

34.    After the above referenced telephone call, Doe 1 again grabbed Carcieri by the arm
       and led her back upstairs where Doe 1 resumed his position in front of the closed
       door; Doe 2 stood directly beside her and Doe 3 remained seated behind the desk.

35.    At approximately 3:30 or so, Carcieri heard footsteps coming up the stairs and her daughter forced her way into the small room and began screaming at the detectives and asked what they were doing to her mother. At that point, Doe 3 handed Carcieri a phone and permitted her to call attorney John Altomare. Altomare told Carcieri to "leave, right now."

36.    Carcieri's daughter stated that she was going to pull the car around and left the room. Thereafter, Beando entered the room and fell to her knees in front of Carcieri, grabbing her by the ankles. Beando begged Carcieri to "confess" that her husband, Labadie, had robbed the Credit Union "then everything will be alright." At that point one of the detectives said: "Deb [Beando] leave the bitch alone, she isn't going to say anything."

37.    The Plaintiffs believe, and therefore allege, that Beando, acting individually as well as within the scope of her authority as the Manager of the Credit Union, conspired with Doe 1, Doe 2 and Doe 3 to "lure" Carcieri to the Credit Union where, without a warrant, she was, *inter alia*, but without limitation: assaulted, battered, placed under false arrest and imprisonment, subjected to conduct which was extreme and outrageous causing acute mental distress and deprived of other civil rights, including her right to counsel.

38.    At all times with respect to the foregoing allegations, Doe 1, Doe 2 and Doe 3 were acting under the color of state law and in flagrant abuse of their authority as detectives of the City of Worcester Police Department.

39.    Sometime during the day of August 29, 2002, Defendant Rosario obtained a search warrant to search the Plaintiffs' premises at 521 Grafton Street. The search warrant was limited to: "Searching for U.S. Currency [related to the Credit Union robbery] and any and all items used to transport same." A copy of the search warrant application, the search warrant and the return of Defendant Rosario are attached hereto as Exhibit 1 and are hereby incorporated herein.

40.    Upon information and belief, the search warrant was executed by Defendants Rosario, Carpenter, Hackett, Doe 4 and Doe 5.

41.    After Carcieri departed their home to go to the Credit Union at around 12:30 P.M. on August 29, 2005, Labadie tried to reach her there repeatedly by telephone.

42.    Each time Labadie called the Credit Union and asked to speak with Carcieri the person or persons answering the phone told him she was not there and hung up.

43.    At around 1:30 P.M. on the aforesaid date Labadie left his home intending to go to the Credit Union to determine the whereabouts of his wife.

6

44.    As Labadie approached the Credit Union he was physically grabbed and detained by five persons, who on information and belief were the Defendants Rosario, Carpenter, Hackett, Doe 4 and Doe 5.

45.    While Labadie was under physical restraint by the five Defendants as aforesaid, one of them demanded the keys to his home. Labadie demanded to see a search warrant for his home and, when none was produced, refused to surrender the keys.

46.    The aforesaid five Defendants continued to restrain and immobilize Labadie and did search his pockets and took his keys.

47.    The aforesaid five Defendants physically attempted to force Labadie into a vehicle, but he resisted and prevented them from doing so.

48.    The aforesaid five Defendants then physically dragged Labadie to his home and forced him to enter the home with them.

49.    The aforesaid five Defendants physically forced Labadie to sit in a chair in the kitchen of the home and then released him from restraint, ordering him to stay where he was.

50.    The Defendant Hackett sat with Labadie in the kitchen while the other Defendants commenced a search of the home.

51.    After the elapse of approximately 30 minutes Labadie demanded of the Defendant Hackett to be informed whether or not he was under arrest at that time.

52.    Upon receiving no clear response from the Defendant Hackett, Labadie left the premises.

53.    During the course of the search, the above named Defendants confiscated Twenty-Two Thousand Dollars ($22,000.00), in unbanded U.S. currency from the premises. The currency was business proceeds from the Getty gas station and Food Mart operated by the Plaintiffs, which was primarily a "cash" business that also sold lottery tickets, as well as from Plaintiff Labadie's roofing business.

54.    In addition to the aforesaid currency Defendants Rosario, Carpenter, Hackett, Doe 4 and Doe 5 also confiscated numerous articles of non-contraband personal property. See, Exhibit 1 Search Warrant and Return.

55.    During the course of executing the search warrant, Defendants Rosario, Carpenter, Hackett, Doe 4 and Doe 5intentionally, maliciously, recklessly and gratuitously destroyed numerous articles of the Plaintiffs' personal property and both interior and exterior portions of the building's structure itself. The Plaintiffs have been informed by a public adjuster that the value of the damage to the structure and the destroyed personal property is in the amount of Fifty Thousand Dollars ($50,000.00). Photographs depicting some of the damage are attached hereto as Exhibit 2 and are hereby incorporated herein.

56.    At all times during the execution of the search warrant, the Defendants involved were acting under the color of state law and in flagrant abuse of their authority as detectives of the City of Worcester Police Department.

57.    Neither Labadie or Carcieri has ever been charged with any crime or offense in connection with the August 27, 2002 Robbery of the Credit Union.

58.    Labadie and Carcieri each had nothing to do with the perpetrating the Credit Union robbery, other than Cacieri's role as unwilling victim of the robbery as described herein.  Neither Plaintiff had any prior knowledge of the robbery; neither of them was ever in possession of the stolen funds;  neither ever obtained any benefit thereof.

59.    Upon information and belief, at some point in time presently unknown to the Plaintiffs, but subsequent to August 29, 2002, one or more of the within named Defendant Police Officers contacted vendors and suppliers of the Plaintiffs in connection with the Getty gas station and Food Mart business and pressured them to cease doing business with the Plaintiffs. The State Lottery Commission and other State authorities were also contacted by one or more of the Defendant Police Officers and, as a result thereof, the Plaintiffs' authorization to sell State lottery tickets was revoked.

60.    As a result of their inability to sell lottery tickets, the Getty gas station and Food Mart suffered a dramatic loss of business clientele and was eventually forced to close.

61.    On or about September 26, 2002, pursuant to the notice requirements of M.G.L. c. 276 §3 Attorney Jon L. Revelli made demand for the Plaintiffs on the Worcester Police Department for the return of all items seized during the execution of the search warrant on August 29, 2002, that were not reasonably related to the police investigation of the Credit Union robbery. A copy of the demand is attached hereto as Exhibit 3 and is hereby incorporated herein.

62.    Plaintiffs have complied with all statutory conditions precedent of this action.

63.   On or about August 20, 2004, pursuant to the notice requirements of M.G.L. c. 258
      §2, Attorney Peter B. Clifford made demand for the Plaintiffs on the City of
      Worcester City Manager and the Worcester Police Department for the return of all
      cash and personal property seized during the execution of the search warrant on
      August 29, 2002, and in addition compensation for pain and suffering, loss of income,
      loss of consortium and property damage.  A copy of the demand is attached hereto as
      Exhibit 4 and is hereby incorporated herein.

64.   To date there has been no return to the Plaintiffs of the funds and property seized nor
      restitution for the harms sustained.

65.   As a result of the actions of the Defendants as hereinabove set forth, Carcieri has
      suffered extreme trauma and emotional distress. Carcieri has been totally disabled
      from work since August 29, 2002, and continues to be so disabled up to and including
      the present time. According to Dr. Zamir Nestelbaum, Board Certified in Psychiatry,
      Carcieri suffers from post traumatic stress disorder, severe major depression, anxiety
      and panic attacks.

                          *COUNT I - Assault and Battery*
                  Doe 1, Doe 2, Doe 3, Beando, Credit Union
                                    Carcieri

1.    Plaintiff Carcieri hereby realleges, reasserts, and hereby incorporates herein,
      paragraphs 1 through 65 inclusive of the allegations of fact as though fully set forth
      herein.

2.    The actions of John Does 1, 2, 3, Beando and Credit Union constituted an assault and
      battery upon the Plaintiff Carcieri.

      WHEREFORE, the Plaintiff Carcieri demands judgment against the said Defendants,
jointly and severally, in an amount to be determined by the jury, together with costs,
expenses, interest and reasonable attorney fees.

                    *COUNT II – False Arrest and Imprisonment*
                  Doe 1, Doe 2, Doe 3, Beando, and Credit Union
                                    Carcieri

1.    Plaintiff Carcieri hereby realleges, reasserts, and hereby incorporates herein,
      paragraphs 1 through 65 inclusive of the allegations of fact as though fully set forth
      herein.

2.    The actions of John Does 1, 2, 3, Beando, and Credit Union constituted false arrest
      and imprisonment of the Plaintiff Carcieri.

                                        9

WHEREFORE, the Plaintiff Carcieri demands judgment against the said Defendants, jointly and severally, in an amount to be determined by the jury, together with costs, expenses, interest and reasonable attorney fees.

*COUNT III – Intentional and/or Negligent Infliction of Emotional Distress*
Doe 1, Doe 2, Doe 3, Beando, and Credit Union
Carcieri

1.    Plaintiffs hereby realleges, reasserts, and hereby incorporates herein, paragraphs 1 through 65 inclusive of the allegations of fact as though fully set forth herein.

2.    The actions of John Does 1, 2, 3, Beando and Credit Union constituted the intentional infliction of severe emotional distress upon the Plaintiff Carcieri.

WHEREFORE, the Plaintiff Carcieri demands judgment against the said Defendants, jointly and severally, in an amount to be determined by the jury, together with costs, expenses, interest and reasonable attorney fees.

*COUNT IV – Malicious Interference with Advantageous Business Relations*
Rosario, Carpenter, Hackett, Doe 1, Doe 2, Doe 3, Doe 4, Doe 5
Labadie and Carcieri

1.    Plaintiffs hereby realleges, reassert, and herby incorporate herein, paragraphs 1 through 65 inclusive of the allegations of fact as though fully set forth herein.

2.    The actions of one or more of the named Defendants constituted intentional and malicious interference with the advantageous business relationships of the Plaintiffs.

WHEREFORE, the Plaintiffs demand judgment against the said Defendants, jointly and severally, in an amount to be determined by the jury, together with costs, expenses, interest and reasonable attorney fees.

*COUNT V – Civil Rights Violations – State and Federal*
All Defendants
Carcieri

1.    Plaintiff Carcieri hereby realleges, reasserts, and hereby incorporates herein, paragraphs 1 through 65 inclusive of the allegations of fact as though fully set forth herein.

2.    The actions of all of the Defendants herein constituted numerous violations of Carcieri's civil rights under 42 U.S.C. § 1983, and the Massachusetts Civil Rights Act, M.G.L. c. 12 §§ 11H, 11I.

WHEREFORE, the Plaintiff Carcieri demands judgment against the said Defendants, jointly and severally, in an amount to be determined by the jury, together with costs, expenses, interest and reasonable attorney fees.

### COUNT VI – Unlawful Detainer
### Rosario, Carpenter, Hackett, Doe 4, Doe 5, City of Worcester
### Labadie and Carcieri

1. Plaintiffs hereby reallege, reassert, and herby incorporate herein, paragraphs 1 through 65 inclusive of the allegations of fact as though fully set forth herein.

2. The actions of the named Defendants constitute an unlawful detainer of Plaintiffs' funds and property.

WHEREFORE, the Plaintiffs demand an Order for the return of the funds and property seized and for such other and further relief as the Court of the jury may determine, together with costs, expenses, interest and reasonable attorney fees.

### COUNT VII – Tortious and Malicious destruction of Real and Personal Property
### Rosario, Carpenter, Hackett, Doe 4, Doe 5
### Labadie and Carcieri

1. Plaintiffs hereby reallege, reassert, and herby incorporate herein, paragraphs 1 through 65 inclusive of the allegations of fact as though fully set forth herein.

2. The actions of the named Defendants constituted a tortious and malicious destruction of both real and personal property of the Plaintiffs.

WHEREFORE, the Plaintiffs demand judgment against the said Defendants, jointly and severally, in the amount of $50,000, together with costs, expenses, interest and reasonable attorney fees.

### COUNT VIII - Assault and Battery
### Rosario, Carpenter, Hackett, Doe 4, Doe 5
### Labadie

1. Plaintiff Labadie hereby realleges, reasserts, and hereby incorporates herein, paragraphs 1 through 65 inclusive of the allegations of fact as though fully set forth herein.

2. The actions of Rosario, Carpenter, Hackett, Doe 4 and Doe 5 constituted an assault and battery upon the Plaintiff Labadie.

WHEREFORE, the Plaintiff Labadie demands judgment against the said Defendants, jointly and severally, in an amount to be determined by the jury, together with costs, expenses, interest and reasonable attorney fees.

11

*COUNT IX – False Arrest and Imprisonment*
Rosario, Carpenter, Hackett, Doe 4, Doe 5
Labadie

1.      Plaintiff Labadie hereby realleges, reasserts, and hereby incorporates herein, paragraphs 1 through 65 inclusive of the allegations of fact as though fully set forth herein.

2.      The actions of Rosario, Carpenter, Hackett, Doe 4 and Doe 5 constituted false arrest and imprisonment of the Plaintiff Labadie.

WHEREFORE, the Plaintiff Labadie demands judgment against the said Defendants, jointly and severally, in an amount to be determined by the jury, together with costs, expenses, interest and reasonable attorney fees.

*COUNT X – Civil Rights Violations – State and Federal*
Rosario, Carpenter, Hackett, Doe 4, Doe 5
Labadie

1.      Plaintiff Labadie hereby realleges, reasserts, and hereby incorporates herein, paragraphs 1 through 65 inclusive of the allegations of fact as though fully set forth herein.

2.      The actions of all of the Defendants named herein constituted numerous violations of Labadie's civil rights under 42 U.S.C. § 1983, and the Massachusetts Civil Rights Act, M.G.L. c. 12 §§ 11H, 11I.

WHEREFORE, the Plaintiff Labadie demands judgment against the said Defendants, jointly and severally, in an amount to be determined by the jury, together with costs, expenses, interest and reasonable attorney fees.


**THE PLAINTIFFS DEMAND A TRIAL BY JURY IN CONNECTION WITH EACH
AND ALL OF THE FOREGOING COUNTS.**

Respectfully submitted,

Plaintiffs
By their attorneys

Hector E. Pineiro BBO# 555315
Stewart T. Herrick BBO# 232060
Robert A. Scott BBO# 648740
Law Office of Hector E. Pineiro
807 Main Street
Worcester, MA 01610
(508) 770-0600

DATED:  August 29, 2005

# EXHIBIT 1

# APPLICATION FOR SEARCH WARRANT
G.L. c. 276, §§ 1-7

| | |
|---|---|
| **NAME OF APPLICANT**<br>Detective Daniel Rosario | **TRIAL COURT OF MASSACHUSETTS**<br>_District_ _____ COURT DEPARTMENT<br>_Worcester_ _____ DIVISION |
| **POSITION OF APPLICANT**<br>Police Officer | **SEARCH WARRANT DOCKET NUMBER**<br>0262SW230 |

I, the undersigned **APPLICANT**, being duly sworn, depose and say that:

1. I have the following information based upon the attached affidavit(s), consisting of a total of __2__ pages, which is (are) incorporated herein by reference.

2. Based upon this information, there is **PROBABLE CAUSE** to believe that the property described below:

   - [xx] has been stolen, embezzled, or obtained by false pretenses.
   - [xx] is intended for use or has been used as the means of committing a crime.
   - [xx] has been concealed to prevent a crime from being discovered.
   - [xx] is unlawfully possessed or concealed for an unlawful purpose.
   - [xx] is evidence of a crime or is evidence of criminal activity.
   - [ ] other (specify)_____

3. I am seeking the issuance of a warrant to search for the following property (describe the property to be searched for as particularly as possible):
   The property located at 521 Grafton Street.  The blue/gray vinyl sided three story wood framed structure with white shutters, a gambrel style roof, brick foundation, and elevated fr the street level.  The dwelling faces south and has a single width driveway on the west side and a walkway on the east side that leads to the rear open-air porch entry.  There is a gray/blue storage shed, approximately 16' x 8', located on the west rear side of the property.  The property has a window removed and boarded up with plywood on the first floor level (east side).  Searching for U.S. Currency and any and all items used to transport same.

4. Based upon this information, there is also probable cause to believe that the property may be found (check as many as apply):
   [XX] at (identify the exact location or description of the place(s) to be searched):

   Within the first floor apartment, basement, attic, shed or other storage area located within the curtilage of the property.  Any exterior wall or opening in same.  Property located at 521 Grafton Street, Worcester, MA.

   which is occupied by and/or in the possession of:___ George Labadie and Susan Carcieri, husband and wife.

   [xx] on the person or in the possession of (identify any specific person(s) to be searched):
   same as above

   [ ] on any person present who may be found to have such property in his or her possession or under his or her control or to whom such property may have been delivered.

**THEREFORE**, I respectfully request that the court issue a Warrant and order of seizure, authorizing the search of the above described place(s) and person(s), if any, to be searched, and directing that such property or evidence or any part thereof, if found, be seized and brought before the court, together with such other and further relief that the court may deem proper.
   I [ ] have previously submitted the same application.
   I [xx] have **not** previously submitted the same application.

| | |
|---|---|
| **PRINTED NAME OF APPLICANT**<br>Detective Daniel Rosario, Worcester Police | SIGNED UNDER THE PENALTIES OF PERJURY<br>x _Daniel Rosario_<br>Signature of Applicant |
| **SWORN AND SUBSCRIBED TO BEFORE**<br>x _____<br>Signature of Justice, Clerk-Magistrate or Assistant Clerk | _August 29, 2002_<br>DATE |

# SEARCH WARRANT

G.L. c. 276, §§ 1-7

TRIAL CC    T OF MASSACHUSETTS

*Distric*t _____ COURT DEPARTMENT

*Worcester* _____ DIVISION

SEARCH WARRANT DOCKET NUMBER

*0262SW230*

---

## TO THE SHERIFFS OF OUR SEVERAL COUNTIES OR THEIR DEPUTIES, ANY STATE POLICE OFFICER, OR ANY CONSTABLE OR POLICE OFFICER OF ANY CITY OR TOWN, WITHIN OUR COMMONWEALTH:

Proof by affidavit, which is hereby incorporated by reference, has been made this day and I find that there is **PROBABLE CAUSE** to believe that the property described below:

[xx] has been stolen, embezzled, or obtained by false pretenses.
[xx] is intended-for use or has been used as the means of committing a crime.
[xx] has been concealed to prevent a crime from being discovered.
[xx] is unlawfully possessed or concealed for an unlawful purpose.
[xx] is evidence of a crime or is evidence of criminal activity.
[ ] other *(specify)* _____

**YOU ARE THEREFORE COMMANDED** within a reasonable time and in no event later than seven days from the issuance of this search warrant to search for the following property:

The property located at 521 Grafton Street. The blue/gray vinyl sided three story wood framed structure with white shutters, a gambrel style roof, brick foundation, and elevated fr the street level. The dwelling faces south and has a single width driveway on the west side and a walkway on the east side that leads to the rear open-air porch entry. There is a gray/blue storage shed, approximately 16' x 8', located on the west rear side of the property. The property has a window removed and boarded up with plywood on the first floor level (east side). Searching for U.S. Currency and any and all items used to transport same.

[XX] at:

Within the first floor apartment, basement, attic, shed or other storage area located within the curtilage of the property. Any exterior wall or opening in same. Property located at 521 Grafton Street, Worcester, MA.

which is occupied by and/or in the possession of: ___ George Labadie and Susan Carcieri, husband and wife.

[xx] on the person or in the possession of:
___ same as above

You [✓] are [ ] are not  also authorized to conduct the search at any time during the night.

You [ ] are [✗] are not  also authorized to enter the premises without announcement.

You [ ] are [✗] are not  also commanded to search any person present who may be found to have such property in his or her possession or under his or her control or to whom such property may have been delivered.

**YOU ARE FURTHER COMMANDED** if you find such property or any part thereof, to bring it, and when appropriate, the persons in whose possession it is found before the *Worcester* _____ Division of the _____ *District* _____ Court Department.

| DATE ISSUED | SIGNATURE OF JUSTICE, CLERK-MAGISTRATE OR ASSISTANT CLERK |
|---|---|
| *August 29, 2002* | x *Barbara O'Brien* |
| **FIRST OR ADMINISTRATIVE JUSTICE**<br>**WITNESS:** ___ ELLIOTT L. ZIDE | PRINTED NAME OF JUSTICE, CLERK-MAGISTRATE OR ASSISTANT CLERK<br>*Barbara O'Brien* |

## RETURN OF OFFICER SERVING SEARCH WARRANT

*A search warrant must be executed as soon as reasonably possible after its issuance, and in any case may not be validly executed more than 7 days after its issuance. The executing officer must file his or her return with the court named in the warrant within 7 days after the warrant is issued. G.L. c. 276, §3A.*

This search warrant was issued on _29 August_ _2002_, and I have executed it as follows:
DATE

The following is an inventory of the property taken pursuant to this search warrant:

1. SUM OF MONEY, BANDED, EXTERIOR ENTRY DOOR ON PORCH
2. SUM OF MONEY, REAR OFFICE, UNDER RUG
3. SHEETS OF COUNTERFEIT MONEY
4. SUM OF MONEY, DINING ROOM
5. SUM OF MONEY, FRONT OFFICE
6. THREE RIFLES
7. HP COMPUTER, CPU, KDS MONITOR, KEYBOARD
8. VISONEER SCANNER
9. CANNON FAX MACHINE
10. HP DIGITAL COPIER
11. SUM OF MONEY, WALLET IN KITCHEN
12.
13.
14.
15.
16.
17.
18.
19.
20.

(attach additional pages as necessary)

This inventory was made in the presence of: _DET STANLEY CARPENTER_ _[signature]_

I swear that this inventory is a true and detailed account of all the property taken by me
on this search warrant.

| SIGNATURE OF PERSON MAKING SEARCH X _Daniel Rosario_ | DATE AND TIME OF SEARCH _29 Aug 2002 1430 hrs._ | SWORN AND SUBSCRIBED TO BEFORE X _Barbara O'Brien_ Signature of Justice, Clerk-Magistrate or Assistant Clerk |
| PRINTED NAME OF PERSON MAKING SEARCH _DANIEL ROSARIO_ | TITLE OF PERSON MAKING SEARCH _POLICE OFFICER_ | DATE SWORN AND SUBSCRIBED TO _August 30, 2002_ |

EXHIBIT 2









# EXHIBIT 3

# Revelli & Revelli, P.C.

M. Robert Revelli
Jon L. Revelli

**Attorneys at Law**
28 Mechanic Street, Worcester, MA  01608-2426
Tel: (508) 791-1199 ♦ Fax: (508) 755-9812

Troy D. Morrison
(of counsel)

September 26, 2002

Worcester Police Department
James M. Gallagher, Police Chief
9-11 Lincoln Sq.,
Worcester, MA 01608

Re:

      Property Seized at 521 Grafton Street, Worcester Pursuant to Search Warrant
No:0262SW230 on or about August 29, 2002 (George Labadie and Susan
Carcieri).

Dear Sir / Madam:

      Please be advised that this office has been retained to represent the interest of the
George Labadie and Susan Carcieri with regard to the above referenced matter. It has
come to my attention that during the course of your search a number of non-contraband
items were seized.  Pursuant to M.G.L. c.276, §3 I hereby demand the return of all items
seized which are not reasonably connected to your investigation (a list is attached hereto
and marked "Exhibit A").  You'll note also that a number of theses items were not listed
on your inventory sheet.

      If the items are not returned within fourteen days I will bring a motion pursuant to
Superior Court rule 61.  As you are aware, if the property has been lost or damaged the
court may enter an order in the nature of a judgment against the City of Worcester or the
person or persons responsible.

      Thank you, and if you have any questions please have your legal representative
contact me.

Very truly yours,

REVELLI & REVELLI, P.C.

Jon L. Revelli

JLR / sf
Enc.

# EXHIBIT 4

August 20, 2004

Mr. Gerald Vizzo
Chief of Police
Worcester Police Department
9-11 Lincoln Square
Worcester, MA 01609

Mr. David Moore
City Councilor's Office
City Hall
455 Main Street
Worcester, MA 01608

Mr. Michael O'Brien
City Manager's Office
City Hall
455 Main Street
Worcester, MA 01608

      RE:  George Labadie/Susan Carcieri
          521 Grafton Street, Worcester, MA

Dear Sirs:

     Please be advised that I represent Susan Carcieri and George Labadie relative to the status of certain personal property owned by them which was seized by the Worcester Police Department on August 29, 2002 from 521 Grafton Street, Worcester, MA as well as for other related legal claims. This correspondence is intended as a notice of claim and a demand for relief pursuant to M.G.L. c. 258, Section 4.

     On information and belief, on August 29, 2002, the Worcester Police Department petitioned the Worcester District Court for the issuance of a search warrant for 521 Grafton Street, Worcester. The search warrant which issued that day was executed at 2:30 PM on August 29, 2002. According to the search warrant return which was filed in the District Court thereafter, eleven items of cash and personal property were seized by the police as evidence (see search warrant return, attached and incorporated herein and marked as Exhibit "A"). According to the affidavit of Worcester Police Officer Daniel Rosario dated August 29, 2002, $22,000.00 in cash was taken by the police from 521 Grafton Street, Worcester.

Page 2                   George Labadie

On or about September 26, 2002, on behalf of my clients, Attorney Jon Revelli corresponded with Worcester Police Chief James M. Gallagher, regarding the status of certain non contraband items which were seized from their residence on August 29, 2002 by the Worcester Police. (see letter from Attorney Jon Revelli, dated September 26, 2002, attached and incorporated herein and marked as Exhibit "B"). I am informed that to date no items of personal property were returned to my clients in response to Mr. Revelli's demand.

Subsequent to August 29, 2002, I am informed that neither Ms. Carcieri nor Mr. Labadie have been charged with any criminal offenses in the Commonwealth of Massachusetts as a result of the personal property and cash which were seized on August 29, 2002 by the Worcester Police Department. Clearly, if any of the items seized by the Worcester Police Department on August 29, 2002 were related to criminal activity or conduct, criminal process should have issued against my clients within two years of the date of seizure.

The fact that my clients have not been charged with any crimes since August 29, 2002 speaks for itself. My clients maintain their innocence, contend that no criminal charges will ever issue against them and submit, as a result, that all of the cash and items of personal property reflected on the search warrant return which were seized by the police should be returned to them without delay forthwith.

In addition, during the course of executing the search warrant at 521 Grafton Street, Worcester on August 29, 2002, members of the Worcester Police Department intentionally, recklessly and unnecessarily destroyed many items of personal property and portions of the buildings structure itself. My clients estimate and have been informed by a public adjuster that the value of the damage and/or destroyed property is $50,000.00. Again given the fact that neither Ms. Carcieri nor Mr. Labadie have been associated with any criminal activity or conduct since August 29, 2002, the actions of the Police in destroying my clients home and contents therein was arbitrary, capricious, and a clear abuse of their authority.

Lastly, as you may know, Ms. Carcieri was the only employee of the W-G Federal Credit Union present when it was robbed on August 27, 2002. During the course of the robbery, she was tied to a chair by the thief. Although tied to a chair, she was able to set off the bank's alarm and call 911. When the police arrived, they refused to untie my client until the detectives had arrived as well. Thereafter, she was questioned and interrogated by the Worcester Police against her will in the bank and at the Worcester Police Department. For a long period of time, she was not allowed to leave or contact family members. After several hours, she was allowed to leave after providing a signed statement to the Police.

Page 3                    Labadie, George

Two days later, on August 29, 2002, the Worcester Police conspired with bank employees and confronted Ms. Carcieri at her former place of employment with the accusation that she and her husband had robbed the credit union. The police physically grabbed Ms. Carcieri and escorted her upstairs for further questioning. She was humiliated by the police in front of co-workers and known bank customers. The police were verbally abusive and physically threatening. She was never arrested, afforded a telephone call, or the right to counsel, despite repeated requests by her. Police threatened to search and demolish her house if she did not cooperate and implicate her husband in the robbery. After a long period of time, she was released by the police at the bank. The police then executed a search warrant at her house and carried out the previous representations made by them.

As a result of the trauma she experienced, Ms. Carcieri has been totally disabled from work since August 27, 2002. According to Dr. Nisselbaum, Board Certified in Psychiatry, Ms. Carcieri suffers from a post traumatic stress disorder, major depression, anxiety and panic attacks. According to Dr. Nisselbaum, the work place incident involving the robbery is the primary cause for her psychiatric disorder, having had no past history of such disorders. Dr. Nisselbaum found the actions of the Worcester Police between August 27, 2002 and August 29, 2002 as a contributing cause of Ms. Carcieri's mental disability. Ms. Carcieri is not at a medical end result and she remains totally disabled for an indefinite period of time.

As a result, pursuant to M.G.L. c. 258 Section 2, I make the following demand for relief:

1.    That all of the cash and personal property which was seized by the Worcester Police on August 29, 2002 be returned to my clients forthwith.

2.    That the sum of $200,000.00 be paid to my clients to compensate them for pain and suffering, loss of income, loss of consortium and property damage.

I look forward to you

PBC/jlm

Certified Mail
Return Receipt Requ

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent  ☐ Addressee<br>B. Received by ( Printed Name )  C. Date of Delivery |
| 1. Article Addressed to:<br>Mr. David Moore<br>City Councilor's office<br>City Hall<br>455 Main St.<br>Worcester, MA - 01608 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number<br>(Transfer from service)    7002 2030 0002 2541 8255 | |
| PS Form 3811, August 2001    Domestic Return Receipt | 102595-02-M-154 |

05-40148 FDS

%JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

George Labadie
Susan Carcieri

**DEFENDANTS** Daniel Rosario, Stanley
Carpenter, Brian Hackett, W-G
Federal Credit Union, Deborah
Beando, John Doe #s 1 - 5, City of
Worcester,

**(b)** County of Residence of First Listed Plaintiff   P 09

(EXCEPT IN U.S. PLAINTIFF CASES)

Worcester County, Mass.

County of Residence of First Listed Defendant

(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED. Worcester County, Mass.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Law Office of Hector E. Pineiro
807 Main Street
Worcester, MA 01610   (508) 770-0600
(see attachment)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government
Plaintiff
- ☒ 3  Federal Question
(U.S. Government Not a Party)
- ☐ 2  U.S. Government
Defendant
- ☐ 4  Diversity
(Indicate Citizenship of Parties
in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | **FEDERAL TAX SUITS** | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | | ☐ 900 Appeal of Fee Determination |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff | Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | State Statutes |
| | 440 | ☐ 550 Civil Rights | Security Act | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original
Proceeding
- ☐ 2 Removed from
State Court
- ☐ 3 Remanded from
Appellate Court
- ☐ 4 Reinstated or
Reopened
- ☐ 5 Transferred from
another district
(specify)
- ☐ 6 Multidistrict
Litigation
- ☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

42 U.S.C. ss 1983  Physical & mental abuse, seizure of cash and property,
damage to real & personal property in police investigation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $ $2.5 million

CHECK YES only if demanded in complaint:

JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE  8/29/05

SIGNATURE OF ATTORNEY OF RECORD  _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

05 - 40148 FDS

## UNITED STATES DISTRICT COURT OF MASSACHUSETTS

WORCESTER, ss.

CIVIL ACTION NO.

| | |
|---|---|
| GEORGE  LABADIE and SUSAN | ) |
| CARCIERI, | ) |
|     Plaintiffs | ) |
| | ) |
| v. | ) |
| | ) |
| DANIEL ROSARIO, STANLEY | ) |
| CARPENTER, BRIAN HACKETT, | ) |
| W-G FEDERAL CREDIT UNION, | ) |
| DEBORAH BEANDO, JOHN DOE 1, | ) |
| JOHN DOE 2, JOHN DOE 3, JOHN DOE 4,) | |
| JOHN DOE 5, and THE CITY OF | ) |
| WORCESTER, a Municipal Corporation, | ) |
|     Defendants | ) |

### CIVIL COVER SHEET ATTACHMENT

Section I.(c) – Plaintiffs' Attorneys of Record:

Hector E. Pineiro BBO# 555315
Stewart T. Herrick BBO# 232060

Law Office of Hector E. Pineiro
807 Main Street
Worcester, MA 01610
(508) 770-0600

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

05 - 40148 FDS

1. Title of case (name of first party on each side only)   *George Labardie et al.*   v.

   *Daniel Rosario et al.*

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.   (See local rule 40.1(a)(1)).

   ___  I.      160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_  II.     195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
               740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases

   ___  III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.

   ___  IV.     220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
               690, 810, 861-865, 870, 871, 875, 900.

   ___  V.      150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   *None*

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐      NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

   YES ☐      NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐      NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐      NO ☐

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☒      NO ☐

   A.   If yes, in which division do all of the non-governmental parties reside?

        Eastern Division ☐          Central Division ☒          Western Division ☐

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division ☐          Central Division ☐          Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐      NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME   *Hector E. Pineiro*

ADDRESS   *807 Main Street Worcester MA 01610*

TELEPHONE NO.   *508-770-0600*

(CategoryForm.wpd -5/2/05)