UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEGE LABADIE and ) | |
| SUSAN CARCIERI, ) | |
|    Plaintiffs ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 05-40148 FDS |
| ) | |
| DANIEL ROSARIO, STANLEY ) | |
| CARPENTER, BRIAN HACKETT, ) | |
| W-G FEDERAL CREDIT UNION, ) | |
| DEBORAH BEANDO, JOHN DOE 1, ) | |
| JOHN DOE 2, JOHN DOE 3, JOHN DOE 4,) | |
| JOHN DOE 5, and ) | |
| THE CITY OF WORCESTER, ) | |
| A Municipal Corporation, ) | |
|    Defendants ) | |

<u>DEFENDANTS DANIEL ROSARIO, BRIAN HACKETT, and the CITY OF
WORCESTER'S MOTION TO STRIKE PARAGRAPHS 21 THROUGH 26,
AND ALL REFERENCES THERETO, FROM PLAINTIFFS' COMPLAINT</u>

Now come Defendants Daniel Rosario, Brian Hackett, and the City of Worcester in the above-captioned action to move this Court, pursuant to Fed. R. Civ. P. 12(f), to strike paragraphs 21 through 26, and all references thereto, from Plaintiffs' Complaint. Rule 12(f) provides in relevant part that "[u]pon motion made by a party before responding to a pleading …, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." As grounds for this Motion, the Defendants state that paragraphs 21 through 26 of Plaintiffs' Complaint are immaterial and impertinent to the present action in that they contain factual allegations that are barred by the applicable statutes of limitation, and, as a result, the Defendants would be prejudiced in defending this action if said allegations were not stricken.

As further grounds for this Motion, the Defendants state the following.

1. The allegations contained in paragraphs 21 through 26 of Plaintiffs' Complaint refer to a bank robbery that occurred on August 27, 2002.

2. Plaintiffs' Complaint was filed on August 29, 2005. (See Court's docket.)

3. Plaintiffs' Complaint contains 10 counts, all of which reference and incorporate fully the allegations contained within paragraphs 21 through 26.

4. A 3-year statute of limitations applies to both claims brought pursuant to 42 U.S.C. § 1983 (Count V and Count X) and pursuant to G.L. c. 12, § 11I (the Massachusetts Civil Rights Act) (Count V and Count X). See Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991); Pagliuca v. City of Boston, 35 Mass. App. Ct. 820, 822 (1994).

5. A 3-year statute of limitations also applies to Plaintiffs' various tort claims including assault and battery (Count I and Count VIII), false arrest and imprisonment (Count II and Count IX), intentional and/or negligent infliction of emotional distress (Count III), malicious interference with advantageous business relations (Count IV), unlawful detainer (Count VI), and tortious and malicious destruction of real and personal property (Count VII). See G.L. c. 260, § 2A (providing a 3-year statute of limitations for actions of tort and personal injuries).

6. Because Plaintiffs' Complaint was filed on August 29, 2005, which is 2 days beyond the applicable 3-year statutes of limitation for the events of August 27, 2002, the allegations pertaining to the same are time-barred.

7. Therefore, to the extent that all 10 counts rely, at least in part, on time-barred allegations, paragraphs 21 through 26, and all references thereto, should be stricken from the record.

8. Failure to strike paragraphs 21 through 26, and all references thereto, from Plaintiffs' Complaint would be prejudicial to the Defendants in light of the fact that the events of August 27, 2002 and August 29, 2002 are very similar in nature insofar as both dates involved police questioning of Plaintiff Carcieri at the Wyman-Gordon Credit Union with some Defendants being present on both occasions. It will be difficult – upon Defendants and upon this Court -- to be forced to continually distinguish between the events of the 27th and the events of the 29th throughout this litigation.

9. Moreover, allowing time-barred allegations to support, in part, all 10 counts of Plaintiffs' Complaint will confuse matters for the parties and the Court. Consequently, defending this action will be far more difficult.

Therefore, in order to avoid confusion to the parties and the Court and to avoid the resultant prejudice to the Defendants, paragraphs 21 through 26 of Plaintiffs' Complaint, and all references thereto, should be stricken from the Complaint.

Respectfully submitted,

Defendants Daniel Rosario,
Brian Hackett and the
City of Worcester

By their attorneys,

David M. Moore
City Solicitor

/S/ Janet J. McGuiggan
Janet J. McGuiggan (BBO #630013)
Assistant City Solicitor
City Hall, Room 301
455 Main Street
Worcester, MA 01608
(508) 799-1161

CERTIFICATE OF SERVICE

I, Janet J. McGuiggan, hereby certify that I served a copy of Defendants Daniel Rosario, Brian Hackett and the City of Worcester's Motion to Strike Paragraphs 21 through 26, and All References Thereto, From Plaintiffs' Complaint upon all parties of record by mailing a copy of the same, postage prepaid, to Hector E. Pineiro, Esquire, Law Office of Hector E. Pineiro, 807 Main Street, Worcester, MA 01610 on this 5th day of December, 2005.

/S/ Janet J. McGuiggan
Janet J. McGuiggan
Assistant City Solicitor

5

## LOCAL RULE 7.1 CERTIFICATION

  I, Janet J. McGuiggan, hereby certify that I conferred with Plaintiffs' counsel in an attempt to resolve this issue. However, the parties were unable to do so.

            <u>/S/ Janet J. McGuiggan</u>
            Janet J. McGuiggan
            Assistant City Solicitor