UNITED STATES DISTRICT COURT OF MASSACHUSETTS

WORCESTER, ss.                                    CIVIL ACTION NO. 05-40148 FDS

| | |
|---|---|
| GEORGE LABADIE and SUSAN CARCIERI,<br>　　　Plaintiffs<br><br>v.<br><br>DANIEL ROSARIO, STANLEY CARPENTER, BRIAN HACKETT, W-G FEDERAL CREDIT UNION, DEBORAH BEANDO, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, and THE CITY OF WORCESTER, a Municipal Corporation,<br>　　　Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**PLAINTIFF'S OPPOSITION TO MOTION OF DEFENDANTS DANIEL ROSARIO, BRIAN HACKETT, And The CITY OF WORCESTER TO STRIKE PARAGRAPHS 21 THROUGH 26, AND ALL REFERENCES THERETO, FROM THE COMPLAINT**

Now come the plaintiffs and they respectfully request this Honorable Court deny the motion of defendants Daniel Rosario, Brian Hackett and the City of Worcester to strike paragraphs 21 through 26, and all references thereto, from the complaint. As reasons therefore they state there is no statute of limitations barring factual allegations, as the defendants appear to claim, and the defendants present no support for their proposition that the material they would have the Court strike is within the scope of what may be stricken under Fed. R. Civ. P. 12(f). As further grounds for their opposition, plaintiffs state as follows:

This is an action for civil rights violations and various state torts arising from the conduct occurring on and/or after August 29, 2002. The paragraphs enumerated for striking in the instant motion describe certain facts and events relevant to the circumstances surrounding the allegedly actionable conduct of the defendants on or after August 29, 2002. *See* complaint. Though the facts in the enumerated paragraphs bear somewhat on proof of the claims, the claims arise from

conduct occurring on or after August 29, 2005. None of the facts or occurrences recited in the enumerated paragraphs constitute basis, or element, of any claim.

The proponents of this motion cite authority for the existence of statutes of limitations on *claims*, but they present no authority for the proposition that *facts* may be time-barred. Furthermore, the proponents offer no argument or authority to suggest that the paragraphs they would have the Court strike fall within the criteria of Fed. R. Civ. P. 12(f), which refers to "redundant, immaterial, impertinent or Scandalous matter" and not to time-barred matter. The argument that denial of this motion would create difficulty and confusion in distinguishing between events of one date and those of another is unsupported. However, if this were true, it would be unavailing to the defendants under the rule, which does not bear on such matter.

WHEREFORE, plaintiffs pray that the motion be denied.

Respectfully submitted,

Plaintiffs
By their attorneys

Hector E. Pineiro BBO# 555315
Stewart T. Herrick BBO# 232060
Robert A. Scott BBO# 648740
Law Office of Hector E. Pineiro
807 Main Street
Worcester, MA 01610
(508) 770-0600

DATED: December 21, 2005

CERTIFICATE OF SERVICE

I, Robert A. Scott, hereby certify that I have served a true copy of the above *Plaintiff's Opposition To Motion Of Defendants Daniel Rosario, Brian Hackett, and The City Of Worcester To Strike Paragraphs 21 Through 26, And All References Thereto, From The Complaint* upon the said defendants by delivering the same to the office of Janet J. McGuiggan, Assistant City Solicitor, City of Worcester, City Hall, Room 301, 455 Main Street, Worcester, Massachusetts on this date, December 21, 2005.

Robert A. Scott

2