UNITED STATES DISTRICT COURT OF MASSACHUSETTS

WORCESTER, ss.                                                        CIVIL ACTION NO. 05-40148 FDS

| | |
|---|---|
| GEORGE LABADIE and SUSAN CARCIERI, <br>   Plaintiffs <br> <br> v. <br> <br> DANIEL ROSARIO, STANLEY CARPENTER, BRIAN HACKETT, W-G FEDERAL CREDIT UNION, DEBORAH BEANDO, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, and THE CITY OF WORCESTER, a Municipal Corporation, <br>   Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### PLAINTIFFS' OPPOSITION TO DEFENDANTS W-G FEDERAL CREDIT UNION AND DEBORAH BEANDO'S MOTION TO DISMISS

Now come the plaintiffs and they respectfully request this Honorable Court deny the motion of defendants W-G Federal Credit Union ("the Credit Union") and Deborah Beando ("Beando") for dismissal of the claims against them for allegedly violating the state and federal civil rights of plaintiff Susan Carcieri ("Carcieri"). In short, plaintiffs submit their complaint alleges facts giving abundant grounds to claim that Beando and the Credit Union committed numerous violations of Carcieri's federal and state civil rights in concert with law enforcement officials. From a fair reading of the complaint the conclusion that the conduct alleged comprehends and notices claims of concerted conduct and conspiracy claim is not only eminently reasonable but practically inescapable.

Plaintiffs do agree that W-G and Beando have basis to argue that the Carcieri's state law claims against them fall within the scope of workers compensation laws.  As W-G's and Beando's counsel did not confer with plaintiffs' counsel pursuant to Rule 7.1 (a) (2) before filing this motion, the parties did not have opportunity to resolve or narrow the issues raised.

In further support of her request that the motion be denied as to state and federal civil rights claims the plaintiff further state as follows:

I.        **Facts Alleged in the Complaint and Reasonable Inferences Therefrom**

The complaint alleges as follows:

The credit union was a financial institution chartered by the United States and did business in Worcester, Massachusetts.  ¶ 14.  Beando was the Credit Union's manager, ¶ 15, and Carcieri was at pertinent times its employee and office manager, ¶ 19.  On the morning of August 27, 2002, a person or persons unknown robbed the credit union while Carcieri was the only employee present and in the course thereof forced her to provide access to the safe under threat of physical harm.  ¶¶ 20 – 23.  On August 29, 2002, Carcieri received a telephone call at her home from Beando asking her to "come over to the Credity Union for a minute because I need your help. ¶ 27.  Carcieri did as requested and, for approximately three hours from her arrival at the Credit Union three Worcester police officers seized, physically detained, assaulted, battered, threatened, intimidated, and interrogated her against her will,  denied her access to counsel, and denied her access to a telephone – all at and entirely within the Credit Union premises.  ¶¶ 28 – 35.  Near the end of her ordeal, Beando joined in the interrogation. ¶ 36.

The plaintiffs allege, at ¶ 37 of the complaint, "that Beando, acting individually as well as within the scope of her authority as Manager of the Credit union conspired with [police] to 'lure' Carcieri to the Credit Union.

For purposes of a Rule 12 (b) (6) motion to dismiss the Court will "accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor and determine whether the complaint, so read, sets forth facts sufficient to justify recovery . . ." *Martin v. Applied Cellular Tech.*, 284 F.3d 1, 6 (1st Cir. 2002).

Plaintiffs submit that reasonable inferences from the foregoing include the following:

Beando had possession and control of the Credit Union premises ("the premises);

Beando knew that she was luring Carcieri to the premises under false pretenses;

Beando knew that three grown male police officers would confront the lone and unsuspecting Carcieri on her arrival at the premises;

Beando knew that the purpose of luring Carcieri to the premises was to conceal the foregoing from her and thereby keep Carcieri from exercising her right to refuse to speak with the police or to refuse to do so outside the presence of her counsel.

While the police detained and otherwise abused Carcieri at the premises Beando was aware that they were doing so;

Beando lured Carcieri to the premises and allowed the police to detain and otherwise abuse her there ion cooperation with and at the request of the police;

Beando personally joined in the interrogation of Carcieri.

II.     **Argument**

The motion should be denied as to both state and federal civil rights claims because the facts pleaded, and reasonable inferences therfrom, clearly allege that Beando, as agent of the credit union, was involved with police from start to finish in the execution of a plan to lure Carcieri to the Credit Union premises, detain her there and otherwise abuse her as alleged.

    A.  <u>The standard for claiming civil rights violations against a private party requires allegation that the party willfully participated in the joint activity with state agents by which the violations occurred.</u>

"Private persons, jointly engaged with state officials in the prohibited action, are acting 'under color' of law for purposes of the statute [42 U.S.C. §1983]. To act under color of law does not require that the accused be an officer of the State. It is enough that he is a *willful participant in joint activity* with the state or its agents." *Adickes v. Kress & Co.* 398 U.S. 144, 152 (1970), quoting *United States v. Price* 383 U.S. 787, 794 (1966) (emphasis added).

The Court in *Adickes* addresses the standard for determining when private conduct may be considered conduct under color of law for purposes of § 1983. *Id*. at 150 -152. While the standard requires participation by the charged party in the misuse of state power, and the Court makes liberal use of the work "conspiracy," it does not prescribe an arbitrary standard as to how a plaintiff states the facts that amount to conduct under the color of law. *Id.* "Although this is a lawsuit against a private party, not the State or one of its officials, our cases make clear that petitioner will have made out a violation of her Fourteenth Amendment rights and will be entitled to relief under § 1983 if she can prove that [the private actor and a police officer] somehow reached an understanding" to abridge the plaintiff's civil rights. *Id.* at 152.

The crux of the test is the participation of the private actor in the misuse of state power. "[P]rivate actors may align themselves so closely with either state action or state actors that the undertow pulls them inexorably into the grasp" of §1983. *Roche v. John Hancock Mut. Life* 81 F.3d 249, 252 – 253 (1st Cir. 1996).

This is an issue of fact, not one of formulaic pleading, as the proponents of this motion suggest. The question for the Court here is whether the facts as pleaded, with allowable inferences, comprehend the allegation of Beando and the Credit Union's furtherance of and participation in the alleged misconduct of the police.

    B. <u>A fair reading of the facts alleged in the complaint finds clear allegation of the Credit Union and Beando's conduct, planned and concerted with the police, to violate Carcieris's rights.</u>

It is uncontested that, according to the complaint, Beando provided the premises police used to detain and abuse the plaintiff, lured their victim to that location with a lie and participated in the interrogation. Her cooperation and assistance were essential carrying out the actionable conduct, from start to finish. Plaintiffs do allege that Beando conspired as well as cooperated with police. The contention of the Credit Union and Beando that they are required to do this to survive a 12 (b) (6) motion for dismissal is erroneous, as discussed above. Their contention that the facts pleaded do not amount to action under color of law on their part, whether labeled conspiracy of not, are dimply fatuous. However, if the Court were to rule that more specific allegation of conspiracy is required, the plaintiffs seek leave to amend their complaint so as allege conspiracy more specifically as well as the reasonable inferences offered herein.

III    **<u>Conclusion</u>**

Because the complaint clearly alleges conduct under color of law by Beando, and by her the Credit Union, resulting in violation of plaintiff Carcieri's civil rights, the motion to dismiss should be denied as to all civil rights claims.

        Respectfully submitted,

        Plaintiffs
        By their attorneys

        /S/ *Robert H. Beadel*
        Robert H. Beadel BBO # 632447
        Hector E. Pineiro BBO# 555315
        Stewart T. Herrick BBO# 232060
        Robert A. Scott BBO# 648740
        Law Office of Hector E. Pineiro
        807 Main Street
        Worcester, MA 01610
        (508) 770-0600

DATED:  January 13, 2006

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants, on January 13, 2006.

        /S/ *Robert H. Beadel*