UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEORGE LABADIE and SUSAN CARCIERI,<br><br>Plaintiffs,<br><br>v.<br><br>DANIEL ROSARIO, STANLEY CARPENTER, BRIAN HACKETT, W-G FEDERAL CREDIT UNION, DEBORAH BEANDO, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, and THE CITY OF WORCESTER,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.<br>) 05-40148-FDS |

MEMORANDUM AND ORDER ON
MOTION TO STRIKE AND MOTION TO DISMISS

**SAYLOR, J.**

This is a civil rights action arising out of the investigation, questioning, and detention of plaintiffs Susan Carcieri and George Labadie by City of Worcester police officers. The events in question occurred after a robbery at the credit union at which Carcieri worked. Plaintiffs have sued the City of Worcester; eight of its police officers, including five "John Doe" defendants; Carcieri's former employer, W-G Federal Credit Union; and the credit union's manager, Deborah Beando, for money damages.

The complaint alleges that while Carcieri was opening the credit union for business on the morning of August 27, 2002, she was grabbed from behind by an unknown assailant who then tied her up, robbed the credit union, and fled with the money. Carcieri was questioned by police that day and then released. Two days later, on August 29, she was summoned to the credit union,

where police were waiting to detain and question her. After approximately three hours of questioning, she was allowed to leave. That same day, police detained and questioned Labadie, her husband. They also obtained a search warrant and searched plaintiffs' home, confiscating property and damaging it. Plaintiffs were never charged with any crime in connection with the robbery.

Plaintiffs filed a complaint on August 29, 2005, alleging various state and federal causes of action, as follows: assault and battery against Does 1 - 3, Beando, and W-G (Count I); false arrest and imprisonment against Does 1 - 3, Beando, and W-G (Count II); intentional and/or negligent infliction of emotional distress against Does 1 - 3, Beando, and W-G (Count III); malicious interference with advantageous business relations against Rosario, Carpenter, Hackett, and all Does (Count IV); violation of civil rights under 42 U.S.C. § 1983 and the Massachusetts Civil Rights Act, M.G.L. c. 12, §§ 11H and 11I, against all defendants (Count V); unlawful detainer against Rosario, Carpenter, Hackett, Does 4 and 5, and the City of Worcester (Count VI); tortious and malicious destruction of real and personal property against Rosario, Carpenter, Hackett, and Does 4 and 5 (Count VII); assault and battery against Rosario, Carpenter, Hackett, and Does 4 and 5 (Count VIII); false arrest and imprisonment against Rosario, Carpenter, Hackett, and Does 4 and 5 (Count IX); and civil rights violations under 42 U.S.C. § 1983 and the Massachusetts Civil Rights Act, M.G.L. c. 12, §§ 11H and 11I against Rosario, Carpenter, Hackett, and Does 4 and 5 (Count X).

Defendants Rosario, Hackett, and the City (collectively, the "City defendants") moved on December 5, 2005, to strike paragraphs 21 through 26 under Fed. R. Civ. P. 12(f) as containing "immaterial [or] impertinent . . . matter." On December 30, 2005, defendants W-G and Beando

moved to dismiss all claims brought against them (Counts I, II, III, and V) under Fed. R. Civ. P. 12(b)(6) for failure to state a claim against them upon which relief can be granted. Plaintiffs have opposed the motion to dismiss only insofar as it concerns Count V, and, in the alternative, seek leave to amend Count V to state the claim with greater specificity.

## I.     Motion to Strike

The motion to strike concerns paragraphs 21 through 26 of the complaint. These paragraphs detail the events of August 27, which basically consist of the robbery and the questioning of Carcieri at the police station. The City defendants allege that any claim based on the events of August 27 would be barred by the statute of limitations; as a result, they will be confused with actionable matters and the City defendants will be prejudiced in defending the action.[1] Plaintiffs apparently concede that claims arising based on the events of August 27 are time-barred, and acknowledge that their claims arise from the conduct occurring on and after August 29. However, they argue that there is no bar to factual allegations in a complaint that describe the context surrounding the actionable conduct.

"A court has considerable discretion in striking 'any redundant, immaterial, impertinent or scandalous matter'" from a complaint. *Alvarado-Morales v. Digital Equipment Corp.*, 843 F.2d 613, 618 (1st Cir. 1988). The City defendants' bare allegations that prejudice and confusion will result do not appear to be well-founded. Further, although liability may not arise from time-barred events, the events of August 27 are obviously related to those occurring August 29 and

---

[1] Specifically, they contend that "the events of August 27, 2002 and August 29, 2002 are very similar in nature insofar as both dates involved police questioning of Plaintiff Carcieri at the Wyman-Gordon Credit Union with some Defendants being present on both occasions. It would be difficult—upon Defendants and upon this Court—to be forced to continually distinguish between the events of the 27th and the events of the 29th throughout this litigation."

after.  *See generally* 5C CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1382 (2005) ("[T]here appears to be general judicial agreement . . . that [12(f)] motions should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy.").  At a minimum, paragraphs 21 through 26 provide background and context to the actionable claims, and therefore cannot be said to be "immaterial [or] impertinent."  Accordingly, the motion to strike will be denied.

      **B.**      <u>**Motion to Dismiss**</u>

As noted, plaintiffs have not opposed the motion to dismiss filed by W-G and Beando as to Counts I, II, and III.  Accordingly, that portion of the motion will be granted.  That leaves the motion of W-G and Beando to dismiss Count V, which alleges that W-G and Beando violated Carcieri's state and federal civil rights as secured by § 1983 and the Massachusetts Civil Rights Act.  Defendants argue, among other things, that plaintiffs have not satisfied the "stringent pleading requirements" applicable to § 1983 conspiracy claims brought against private actors. *See, e.g.*, *McGillicuddy v. Clements*, 746 F.2d 76, 76 (1st Cir. 1984); *Slotnick v. Staviskey*, 560 F.2d 31, 33 (1st Cir. 1977); *Caraballo Cordero v. Banco Financiero de Puerto Rico*, 91 F. Supp. 2d 484, 491 (D.P.R. 2000); *Tauvar v. Bar Harbor Congregation*, 633 F. Supp. 741, 747 (D. Me. 1985) *aff'd* 787 F.2d 579 (1986) (table decision).

At a minimum, there is serious doubt as to whether such a heightened pleading requirement remains valid law.  *See Educadores Puertorriquenos en Accion v. Hernandez*, 367 F.3d 61, 66-67 (1st Cir. 2004) (except where a federal statute or specific rule of civil procedure is to the contrary, there are no heightened pleading standards in civil rights cases).  The Court need not decide the issue, however, because plaintiffs have sought leave to amend their complaint to

state Count V with greater specificity. At this stage in the litigation—before a responsive pleading has been served—plaintiffs have the right to do so. *See, e.g.*, *Leonard v. Parry*, 219 F.3d 25, 30 (1st Cir. 2000). Accordingly, the plaintiffs motion for leave to amend will be granted, and defendants' motion to dismiss Count V will be denied without prejudice to its renewal.

### III. Conclusion

For the foregoing reasons, Defendants Daniel Rosario, Brian Hackett, and the City of Worcester's Motion to Strike Paragraphs 21 through 26, and All References Thereto, from Plaintiffs' Complaint is DENIED. Defendants W-G Federal Credit Union and Deborah Beando's Motion to Dismiss is GRANTED in part (as to the claims brought against W-G and Beando in Counts I, II, and III) and is DENIED in part without prejudice (as to the claims brought against W-G and Beando in Count V). Plaintiffs are granted leave to amend their complaint, which shall be filed on or before July 7, 2006.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: June 22, 2006

5