UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| George Labadie and<br>Susan Carcieri<br><br>        Plaintiffs,<br><br>v.<br><br>Daniel Rosario,<br>Stanley Carpenter,<br>Brian Hackett,<br>W-G Federal Credit Union,<br>Deborah Beando,<br>John Doe 1,<br>John Doe 2,<br>John Doe 3,<br>John Doe 4,<br>John Doe 5, and<br>The City of Worcester,<br><br>        Defendants. | Civil Action No. 05-40148 FDS |

## STATEMENT PURSUANT TO LOCAL RULE 16.1(D)

Pursuant to Local Rule 16.1 (D), Deborah Beando ("Beando") and W-G Federal Credit Union ("W-G") hereby submit the following statement.

The parties to the above-captioned matter hereby state that they have conferred for the purpose of preparing a proposed pretrial schedule for the case that includes a plan for discovery.

## PROPOSED SCHEDULING ORDER

After consideration of the topics contemplated by Fed. R. Civ. P. 26(f) and Local Rule 16(b), defendants Beando and W-G propose the following pretrial schedule. The plaintiffs do not agree to this proposed schedule.

64553.1

| **Pretrial Activity** | **Date** |
|---|---|
| Automatic disclosures (26(a)) are to be served by: | September 19, 2006 |
| Motions to amend or supplement pleadings by: | October 31, 2006 |
| Written discovery requests are to be served by: | November 5, 2006 |
| All fact depositions are to be completed by: | April 6, 2007 |
| All dispositive motions filed by: | May 18, 2007 |
| All trial experts are to be designated by Plaintiff, and disclosure of information contemplated by FRCP 26(a)(2), and final answers to expert Interrogatories, to be made by: | Within 30 days of service of any motion for summary judgment, but no later than June 17, 2007 |
| All trial experts are to be designated by Defendant, and disclosure of information contemplated by FRCP 26(a)(2), and final answers to expert Interrogatories, to be made by: | Within 60 days of plaintiff's expert disclosure, but no later than August 16, 2007 |
| Expert depositions to be completed by: | Within 30 days of defendants' disclosures, but no later than September 15, 2007 |
| All discovery, fact and expert completed by: | October 1, 2007 |

## RELIEF FROM DISCOVERY LIMITATIONS UNDER L.R. 26.1(c)

Beando and W-G hereby request relief from the discovery limitations set forth in Local Rule 26.1(c). Due to the complex nature of this case, the number of parties and the number of witnesses, Beando and W-G will need to conduct more than 10 depositions and serve more than 25 interrogatories.

Beando and W-G are currently aware of the following people who have information on the matters alleged in the complaint:

1) George Labadie;

64553.1

2) Susan Carcieri;

3) Daniel Rosario;

4) Stanley Carpenter;

5) Brian Hackett;

6) Peter Towler, one of the first uniformed police officers to arrive at the scene of the bank robbery;

7) Michael Gervais, one of the first uniformed police officers to arrive at the scene of the bank robbery;

8) Faith Roche, a police detective who interviewed Carcieri in the presence of her attorney, John Altomare;

8) Carcieri's daughter, who is alleged to have picked Carcieri up from the bank after Carcieri was allegedly interrogated;

9) Carcieri's sister, Judith Brown, who, upon information and belief, reported to the Worcester Police Department that she had seen the plaintiff Labadie putting a stack of money into a hole in the side of his house on the morning of the robbery;

10) Marian Papetti, who drives Judith Brown to work, and who, upon information and belief, was told about what Judith Brown saw by Judith Brown;

11) Nora, Judith Brown's sister, who, upon information and belief, was told about what Judith Brown saw by Judith Brown;

12) Katherine, Judith Brown's sister, who, upon information and belief, was told about what Judith Brown saw by Judith Brown;

13) Michael Towner, a police detective who interviewed Carcieri along with Brian Hackett at the bank;

14) Yassar Aldarwcher, who, upon information and belief, owns Gourmet Donut Shops in the city of Worcester, and discussed with Labadie his interest in opening such a shop;

15) a Rule 30(b)(6) representative of the Massachusetts State Lottery Commission, who would have information on the debt owed to the Lottery by Labadie; and

16) Judith Paladino, who, upon information and belief, owns a check cashing business in Worcester at which Labadie conducted business.

64553.1

In addition, depending upon the answers to interrogatories and document production responses received, depositions of witnesses not yet identified may be required. For these reasons, Beando and W-G respectfully request that this court allow the defendants in this case to conduct 20 (twenty) depositions. Further, due to the complex factual nature of this case, Beando and W-G request that this court allow the defendants to serve 35 (thirty-five) interrogatories upon the plaintiffs.

## TRIAL BY MAGISTRATE JUDGE

Beando and W-G do not consent to trial of this matter by magistrate judge.

## ALTERNATIVE DISPUTE RESOLUTION

At this time, Beando and W-G are not willing to consider mediation of this matter as described in L.R. 16.4(c)(4).

## RULE 16.1 CERTIFICATES

Fully executed Rule 16.1 Certificates have been filed or will be filed with the Court.

Deborah Beando
W-G Federal Credit Union
By their attorneys,

/s/ William Bogaert
William T. Bogaert, BBO #546321
Julia E. Bell, BBO #661185
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
155 Federal Street,
Boston, Massachusetts 02215
617-422-5300

64553.1

Certificate Of Service

  I, William T. Bogaert, , hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).  I am not aware of any party who is a non registered participant, and therefore electronic filing is the sole means of service of this document.

    /s/ William Bogaert
    WILLIAM T. BOGAERT

64553.1