UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GEORGE LABADIE and SUSAN       )
CARCIERI,                      )
     Plaintiffs             )
                               )
v.                             )
                               )
DANIEL ROSARIO, STANLEY        )
CARPENTER, BRIAN HACKETT,      )          NO. 05-40148FDS
W-G FEDERAL CREDIT UNION,      )
DEBORAH BEANDO, JOHN DOE I,    )
JOHN DOE 2, JOHN DOE 3, JOHN   )
DOE 4, JOHN DOE 5, and THE     )
CITY OF WORCESTER,             )
A Municipal Corporation,       )
     Defendants              )

ANSWER OF DEFENDANTS DANIEL ROSARIO, BRIAN HACKETT
and the CITY OF WORCESTER – A  MUNICIPAL CORPORATION

    Defendants Daniel Rosario, Brian Hackett and the City of Worcester – a Municipal Corporation ("the City") (collectively, "Defendants"), hereby answer Plaintiffs' Complaint, as follows.

INTRODUCTION

    1.  Paragraph 1 of Plaintiffs' Complaint is an introductory paragraph, and, therefore, no response is required.

JURISDICTION

    2.  Paragraph 2 of Plaintiffs' Complaint is a jurisdictional statement, and, therefore, no response is required.

PARTIES

    3.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiffs' Complaint.

    4.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiffs' Complaint.

5.    Defendants admit the allegations contained in the paragraph 5 of Plaintiffs' Complaint.

6.    Defendants admit the allegations contained in paragraph 6 of Plaintiffs' Complaint.

7.    Defendants admit the allegations contained in paragraph 7 of Plaintiffs' Complaint.

8.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of Plaintiffs' Complaint.

9.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiffs' Complaint.

10.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiffs' Complaint.

11.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of Plaintiffs' Complaint.

12.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of Plaintiffs' Complaint.

13.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of Plaintiffs' Complaint.

14.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of Plaintiffs' Complaint.

15.    Defendants admit the allegations contained in paragraph 15 of Plaintiffs' Complaint.

## ALLEGATIONS OF FACT

16.    Defendants repeat and re-allege their answers to paragraphs 1 through 15 of Plaintiffs' Complaint, as if fully set forth herein.

17.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of Plaintiffs' Complaint.

18.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of Plaintiffs' Complaint.

19.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of Plaintiffs' Complaint.

20.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of Plaintiffs' Complaint.

21.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of Plaintiffs' Complaint.

22.    Defendants deny the allegations contained in paragraph 22 of Plaintiffs' Complaint.

23.    Defendants deny the allegations contained in paragraph 23 of Plaintiffs' Complaint.

24.    Defendants deny the allegations contained in paragraph 24 of Plaintiffs' Complaint.

25.    Defendants deny the allegations contained in paragraph 25 of Plaintiffs' Complaint.

26.    Defendants deny the allegations contained in paragraph 26 of Plaintiffs' Complaint.

27.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of Plaintiffs' Complaint.

28.  Defendants deny the allegations contained in paragraph 28 of Plaintiffs' Complaint.

29.  Defendants deny the allegations contained in paragraph 29 of Plaintiffs' Complaint.

30.  Defendants deny the allegations contained in paragraph 30 of Plaintiffs' Complaint.

31.  Defendants deny the allegations contained in paragraph 31 of Plaintiffs' Complaint.

32.  Defendants deny the allegations contained in paragraph 32 of Plaintiffs' Complaint.

33.  Defendants deny the allegations contained in paragraph 33 of Plaintiffs' Complaint.

34.  Defendants deny the allegations contained in paragraph 34 of Plaintiffs' Complaint.

35.  Defendants deny the allegations contained in paragraph 35 of Plaintiffs' Complaint.

36.  Defendants deny the allegations contained in paragraph 36 of Plaintiffs' Complaint.

37.  Defendants deny the allegations contained in paragraph 37 of Plaintiffs' Complaint.

38.  Defendants deny the allegations contained in paragraph 38 of Plaintiffs' Complaint.

39.  Defendants admit that Defendant Rosario obtained a search warrant on or about August 29, 2002 for the premises at 421 Grafton Street.  As to the remaining allegations pertaining to the search warrant, which is attached as an exhibit to the Complaint, the search warrant speaks for itself and, therefore, no response is required; however, to the extent that a response is required, Defendants deny the allegations contained in paragraph 39 of Plaintiffs' Complaint.

40.  Defendants deny the allegations contained in paragraph 40 of Plaintiffs' Complaint.

41. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of Plaintiffs' Complaint.

42. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of Plaintiffs' Complaint.

43. Defendants deny the allegations contained in paragraph 43 of Plaintiffs' Complaint.

44. Defendants deny the allegations contained in paragraph 44 of Plaintiffs' Complaint.

45. Defendants deny the allegations contained in paragraph 45 of Plaintiffs' Complaint.

46. Defendants deny the allegations contained in paragraph 46 of Plaintiffs' Complaint.

47. Defendants deny the allegations contained in paragraph 47 of Plaintiffs' Complaint.

48. Defendants deny the allegations contained in paragraph 48 of Plaintiffs' Complaint.

49. Defendants deny the allegations contained in paragraph 49 of Plaintiffs' Complaint.

50. Defendants deny the allegations contained in paragraph 50 of Plaintiffs' Complaint.

51. Defendants deny the allegations contained in paragraph 51 of Plaintiffs' Complaint.

52. Defendants deny the allegations contained in paragraph 52 of Plaintiffs' Complaint.

53. Defendants deny the allegations contained in paragraph 53 of Plaintiffs' Complaint.

54. Defendants deny the allegations contained in paragraph 54 of Plaintiffs' Complaint.

55.  Defendants deny the allegations contained in paragraph 55 of Plaintiffs' Complaint.

56.  Defendants deny the allegations contained in paragraph 56 of Plaintiffs' Complaint.

57.  Defendants deny the allegations contained in paragraph 57 of Plaintiffs' Complaint.

58.  Defendants deny the allegations contained in paragraph 58 of Plaintiffs' Complaint.

59.  Defendants deny the allegations contained in paragraph 59 of Plaintiffs' Complaint.

60.  Defendants deny the allegations contained in paragraph 60 of Plaintiffs' Complaint.

61.  The allegations contained within paragraph 61 of Plaintiffs' Complaint call for a legal conclusion, and, therefore, no response is required.  However, to the extent a response is required, the content of the so-called demand letter attached as Exhibit 3 speaks for itself.  To the extent a further response is required, Defendants deny the allegations contained in paragraph 61 of Plaintiffs' Complaint.

62.  The allegations contained within paragraph 62 of Plaintiffs' Complaint call for a legal conclusion, and, therefore, no response is required.  However, to the extent a response is required, the Defendants deny the allegations contained in paragraph 62 of Plaintiffs' Complaint.

63.  The allegations contained within paragraph 63 of Plaintiffs' Complaint call for a legal conclusion, and, therefore, no response is required.  However, to the extent a response is required, the content of the so-called demand letter attached as Exhibit 4 speaks for itself.  To the extent a further response is required, Defendants deny the allegations contained in paragraph 63 of Plaintiffs' Complaint.

64.  Defendants admit that the seized property has not been returned to Plaintiffs to date.  However, Defendants deny the remaining allegations contained in paragraph 64 of Plaintiffs' Complaint.

65.  Defendants deny the allegations contained in paragraph 65 of Plaintiffs' Complaint.

## COUNT I
**Assault and Battery**
**Doe 1, Doe 2, Doe 3, Beando, Credit Union**
**Carcieri**

1.    Defendants repeat and re-allege their answers to paragraphs 1 through 65 of Plaintiffs' Complaint, as if fully set forth herein.

2.    Defendants deny the allegations contained in paragraph 2 of Count I of Plaintiffs' Complaint.

## COUNT II
**False Arrest and Imprisonment**
**Doe 1, Doe 2, Doe 3, Beando and Credit Union**
**Carcieri**

1.    Defendants repeat and re-allege their answers to paragraphs 1 through 65 of Plaintiffs' Complaint, as if fully set forth herein.

2.    Defendants deny the allegations contained in paragraph 2 of Count II of Plaintiffs' Complaint.

## COUNT III
**Intentional and/or Negligent Infliction of Emotional Distress**
**Doe 1, Doe 2, Doe 3, Beando and Credit Union**
**Carcieri**

1.    Defendants repeat and re-allege their answers to paragraphs 1 through 65 of Plaintiffs' Complaint, as if fully set forth herein.

2.    Defendants deny the allegations contained in paragraph 2 of Count III of Plaintiffs' Complaint.

## COUNT IV
**Malicious Interference With Advantageous Business Relations**
**Rosario, Carpenter, Hackett, Doe 1, Doe 2, Doe 3, Doe 4, Doe 5**
**Labadie and Carcieri**

1.    Defendants repeat and re-allege their answers to paragraphs 1 through 65 of Plaintiffs' Complaint, as if fully set forth herein.

2.    Defendants deny the allegations contained in paragraph 2 of Count IV of Plaintiffs' Complaint.

## COUNT V
### Civil Rights Violations – State and Federal All Defendants
### Carcieri

1.  Defendants repeat and re-allege their answers to paragraphs 1 through 65 of Plaintiffs' Complaint, as if fully set forth herein.

2.  Defendants deny the allegations contained in paragraph 2 of Count V of Plaintiffs' Complaint.

## COUNT VI
### Unlawful Detainer
### Rosario, Carpenter, Hackett, Doe 4, Doe 5, City of Worcester
### Labadie and Carcieri

1.  Defendants repeat and re-allege their answers to paragraphs 1 through 65 of Plaintiffs' Complaint, as if fully set forth herein.

2.  Defendants deny the allegations contained in paragraph 2 of Count VI of Plaintiffs' Complaint.

## COUNT VII
### Tortious and Malicious Destruction of Real and Personal Property
### Rosario, Carpenter, Hackett, Doe 4, Doe 5
### Labadie and Carcieri

1.  Defendants repeat and re-allege their answers to paragraphs 1 through 65 of Plaintiffs' Complaint, as if fully set forth herein.

2.  Defendants deny the allegations contained in paragraph 2 of Count VII of Plaintiffs' Complaint.

## COUNT VIII
### Assault and Battery
### Rosario, Carpenter, Hackett, Doe 4, Doe 5
### Labadie

1.  Defendants repeat and re-allege their answers to paragraphs 1 through 65 of Plaintiffs' Complaint, as if fully set forth herein.

2.  Defendants deny the allegations contained in paragraph 2 of Count VIII of Plaintiffs' Complaint.

<u>COUNT IX</u>
**False Arrest and Imprisonment**
**Rosario, Carpenter, Hackett, Doe 4, Doe 5**
**Labadie**

1.   Defendants repeat and re-allege their answers to paragraphs 1 through 65 of Plaintiffs' Complaint, as if fully set forth herein.

2.   Defendants deny the allegations contained in paragraph 2 of Count IX of Plaintiffs' Complaint.

<u>COUNT X</u>
**Civil Rights Violations – State and Federal**
**Rosario, Carpenter, Hackett, Doe 4, Doe 5**
**Labadie**

1.   Defendants repeat and re-allege their answers to paragraphs 1 through 65 of Plaintiffs' Complaint, as if fully set forth herein.

2.   Defendants deny the allegations contained in paragraph 2 of Count X of Plaintiffs' Complaint.

<u>FIRST AFFIRMATIVE DEFENSE</u>

Plaintiffs' Complaint fails to state a claim upon which relief can be granted against Defendants.

<u>SECOND AFFIRMATIVE DEFENSE</u>

Plaintiffs failed to comply with the applicable statutes of limitation in filing this lawsuit.

<u>THIRD AFFIRMATIVE DEFENSE</u>

Plaintiffs' service of process was insufficient, and, therefore, Plaintiffs' case should be dismissed.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

The individual Defendants are qualifiedly immune from liability.

## FIFTH AFFIRMATIVE DEFENSE

Defendants' actions were justified and in good faith at all times.

## SIXTH AFFIRMATIVE DEFENSE

The force used as to Plaintiffs was reasonable under all the circumstances.

## SEVENTH AFFIRMATIVE DEFENSE

There was probable cause for Plaintiffs' arrest and/or imprisonment and/or detention.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant City of Worcester is not a "person" within the meaning of the Massachusetts Civil Rights Act.

## NINTH AFFIRMATIVE DEFENSE

Defendants at all times acted reasonably and with a good faith belief that their actions were lawful and not in violation of any federal or state constitutional right.

## TENTH AFFIRMATIVE DEFENSE

The individual Defendants did not interfere with, or attempt to interfere with, any federal or state constitutional or statutory right of Plaintiffs.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs did not suffer any actual deprivation of any rights secured by the Constitution or laws of either the United States or the Commonwealth.

## TWELFTH AFFIRMATIVE DEFENSE

The City is not liable under 42 U.S.C. § 1983 because the actions of the individual Defendants were constitutional, i.e., did not deprive Plaintiffs of any rights.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any unconstitutional actions, which Defendants deny, of the individual Defendants were not caused by any City policy or custom.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any interference or attempted interference by Defendants with any of Plaintiffs' secured rights was not by threats, intimidation or coercion.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any direct deprivation of any of Plaintiffs' secured rights is not cognizable under Mass. Gen. Laws c. 12, § 11I.

## SIXTEENTH AFFIRMATIVE DEFENSE

The individual Defendants did not intend to create in Plaintiffs a reasonable apprehension of impending physical harm.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The individual Defendants did not intentionally and unjustifiably use excessive or harmful force against Plaintiffs.

## EIGHTEENTH AFFIRMATIVE DEFENSE

In the event Plaintiffs did resist arrest, Plaintiffs had no right to resist arrest by the individual Defendants, and they are responsible for all injuries caused by that resistance.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs provoked the individual Defendants at the time of the alleged assault and battery.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendants were justified in imprisoning or restraining Plaintiffs, and, therefore, Plaintiffs' arrest and/or detention and/or imprisonment was not false or unlawful.

<u>TWENTY-FIRST AFFIRMATIVE DEFENSE</u>

Defendants did not at any time act with malice toward Plaintiffs.

<u>TWENTY-SECOND AFFIRMATIVE DEFENSE</u>

If Plaintiffs suffered any injury or damage as alleged, such damage was caused by Plaintiffs own actions or omissions.

<u>TWENTY-THIRD AFFIRMATIVE DEFENSE</u>

Any damages incurred by Plaintiffs as alleged were the result of Plaintiffs own intentional conduct and Plaintiffs are, therefore, barred from recovery.

<u>TWENTY-FOURTH AFFIRMATIVE DEFENSE</u>

Defendants are not liable because the actions of Defendants were privileged.

<u>TWENTY-FIFTH AFFIRMATIVE DEFENSE</u>

The actions of Defendants alleged in Complaint were neither the proximate nor the actual cause of any damage suffered by Plaintiffs.

<u>TWENTY-SIXTH AFFIRMATIVE DEFENSE</u>

Plaintiffs are precluded from recovery because they were in violation of a statute, regulation and/or City ordinance at the time of the alleged incident.

<u>TWENTY-SEVENTH AFFIRMATIVE DEFENSE</u>

Any claims of negligent supervision, negligent training, negligent disciplining and negligent failure to protect Plaintiffs are all barred by Mass. Gen. Laws c. 258, § 10(j).

<u>TWENTY-EIGHTH AFFIRMATIVE DEFENSE</u>

The damages alleged in Plaintiffs' Complaint were directly and proximately caused by acts of a third person, which acts Defendants had no reason to anticipate and of which person Defendants had no knowledge and over whom they had no control.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The damages alleged in Plaintiffs' Complaint were the result of supervening and intervening causes unrelated to any acts of Defendants.

## THIRTIETH AFFIRMATIVE DEFENSE

Defendants did not unlawfully confine Plaintiffs, directly or indirectly.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs were not falsely imprisoned because their arrest was warranted by law.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to adequately plead any special damages.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their alleged damages.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Punitive damages are not recoverable under Mass. Gen. Laws c. 12, § 11I.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Punitive damages are not recoverable against a municipality.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

The individual Defendants at all times were motivated with neither an evil intent or motive, nor a reckless or callous indifference, toward any of Plaintiffs' rights.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

There was no intentional, malicious, improper or unjustifiable conduct on the part of Defendants with regard to Plaintiffs' business relations.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

No action of Defendants was calculated to cause damage to Plaintiffs' lawful business.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Any action taken by Defendants was lawful, justified and within Defendants' rights.

## FORTIETH AFFIRMATIVE DEFENSE

No actual damage or loss to Plaintiffs' business relationships was the result of Defendants' conduct.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Any of Plaintiffs' property or funds held by Defendants was done so properly and within the scope of Defendants' authority.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs were not legally entitled to property or funds held by Defendants.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Any property seized and held by Defendants was done so under the authority of a valid search warrant and the law.

## FORTY-FORTH AFFIRMATIVE DEFENSE

Defendants were entitled to seize material during the search of Plaintiffs' premises that related to the likelihood of criminal conduct, including, but not limited to, contraband, fruits of the crime, things otherwise unlawfully possessed and weapons or instrumentalities of crime.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

Defendants are not permitted under the law to collaterally attack a criminal conviction through a civil lawsuit.

WHEREFORE, Defendants pray that this Court enter judgment in their favor as follows:

1.    that Plaintiffs' Complaint be dismissed;

2.    that Plaintiffs take nothing by their Complaint; and

3.    for such other and further relief as this Court deems proper, including costs and reasonable attorney's fees awarded to Defendant City of Worcester.

Defendants demand a trial by jury on all claims and issues so triable.

                              DANIEL ROSARIO, BRIAN HACKETT,
                              and THE CITY OF WORCESTER – A
                              MUNICIPAL CORPORATION,

                              By their attorneys,
                              David M. Moore
                              City Solicitor


                              /s/ Janet J. McGuiggan_____
                              Janet J. McGuiggan (BBO#630013)
                              Assistant City Solicitor
                              City Hall, Room 301
                              455 Main Street
                              Worcester, MA  01608
                              (508) 799-1161

## CERTIFICATE OF SERVICE

I, Janet J. McGuiggan, hereby certify that I have served upon all parties of record the within Answer of Defendants Daniel Rosario, Brian Hackett and the City of Worcester – a Municipal Corporation by electronically filing with the Court and mailing a copy of the same, postage prepaid, to the following counsel this 21st day of November, 2006:

Hector E. Pineiro, Esq.
Law Office of Hector Pineiro
807 Main Street
Worcester, MA  01610

William T. Bogaert, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
155 Federal Street, 5th Floor
Boston, MA  02110-4737


/s/ Janet J. McGuiggan___
Janet J. McGuiggan
Assistant City Solicitor