UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

George Labadie and
Susan Carcieri

       Plaintiffs,

v.

Daniel Rosario,
Stanley Carpenter,
Brian Hackett,
W-G Federal Credit Union,
Deborah Beando,
John Doe 1,
John Doe 2,
John Doe 3,
John Doe 4,
John Doe 5, and
The City of Worcester,

       Defendants.

Civil Action No. 05-40148 FDS

## ANSWER OF DEFENDANTS W-G FEDERAL CREDIT UNION AND DEBORAH BEANDO

*INTRODUCTION*

1. Paragraph 1 is an introductory statement describing the contents of the plaintiffs' Complaint. To the extent that it contains allegations of fact, these allegations are denied.

*JURISDICTION*

2. Defendants Deborah Beando ("Beando") and W-G Federal Credit Union ("W-G") state that the allegations in paragraph 2 of the Complaint are conclusions of law and not statements of facts, and thus no response is required. To the extent that a response is required, defendants Beando and W-G deny the allegations in this Complaint.

64541.1

*PARTIES*

3. Beando and W-G admit the allegations in paragraph 3 of the Complaint.

4. Beando and W-G admit the allegations in paragraph 4 of the Complaint.

5. Beando and W-G have insufficient information either to admit or deny the allegations in paragraph 5 of the Complaint.

6. Beando and W-G have insufficient information either to admit or deny the allegations in paragraph 6 of the Complaint.

7. Beando and W-G have insufficient information either to admit or deny the allegations in paragraph 7 of the Complaint.

8. Beando and W-G have insufficient information either to admit or deny the allegations in paragraph 8 of the Complaint.

9. Beando and W-G have insufficient information either to admit or deny the allegations in paragraph 9 of the Complaint.

10. Beando and W-G have insufficient information either to admit or deny the allegations in paragraph 10 of the Complaint.

11. Beando and W-G have insufficient information either to admit or deny the allegations in paragraph 11 of the Complaint.

12. Beando and W-G have insufficient information either to admit or deny the allegations in paragraph 12 of the Complaint.

13. Beando and W-G admit the allegations in paragraph 13 of the Complaint.

14. Beando and W-G admit the allegations in paragraph 14 of the Complaint.

15. Beando and W-G admit the allegations in paragraph 15 of the Complaint.

## ALLEGATIONS OF FACT

16. Beando and W-G reassert and incorporate herein their response to paragraphs 1 through 15 of the Complaint.

17. Beando and W-G have insufficient information either to admit or deny the allegations in paragraph 17 of the Complaint.

18. Beando and W-G have insufficient information either to admit or deny the allegations in paragraph 18 of the Complaint.

19. Beando and W-G admit the allegations in paragraph 19 of the Complaint.

20. Beando and W-G have insufficient information either to admit or deny the allegations in paragraph 20 of the Complaint.

21. Beando and W-G admit the allegations contained in the first sentence of paragraph 21. Beando and W-G have insufficient information either to admit or deny the allegations contained in the second sentence of paragraph 21.

22. Beando and W-G have insufficient information either to admit or deny the allegations in paragraph 22 of the Complaint.

23. Beando and W-G have insufficient information either to admit or deny the allegations in the first, second and third sentences of paragraph 23. Beando and W-G deny the allegations in the fourth sentence of paragraph 23, but admit that over $200,000.00 was stolen from the Credit Union. Beando and W-G admit the allegations in the fifth sentence of paragraph 23.

24. Beando and W-G have insufficient information either to admit or deny the allegations in paragraph 24 of the Complaint.

25. Beando and W-G have insufficient information either to admit or deny the allegations in paragraph 25 of the Complaint.

26. Beando and W-G have insufficient information either to admit or deny the allegations in paragraph 26 of the Complaint.

27. Beando and W-G admit the allegations contained in the first sentence of paragraph 27 of the Complaint. Beando and W-G admit that Beando asked Carcieri to come to the Credit Union on August 29, 2002, but deny that Beando made the statement alleged in the second sentence of paragraph 27 of the Complaint. Beando and W-G deny the allegations contained in the third sentence of paragraph 27 of the Complaint.

28. Beando and W-G have insufficient information either to admit or deny the allegations contained in the first sentence of paragraph 28 of the Complaint. Beando and W-G deny

the allegations contained in the second and third sentences of paragraph 28 of the Complaint.

29. Beando and W-G deny the allegations in paragraph 29 of the Complaint.

30. Beando and W-G have insufficient information either to admit or deny the allegations in paragraph 30 of the Complaint.

31. Beando and W-G have insufficient information either to admit or deny the allegations in paragraph 31 of the Complaint.

32. Beando and W-G have insufficient information either to admit or deny the allegations in paragraph 32 of the Complaint.

33. Beando and W-G have insufficient information either to admit or deny the allegations contained in the first and second sentences of paragraph 33 of the Complaint. Beando and W-G deny the allegations contained in the third sentence of paragraph 33 of the Complaint. Beando and W-G have insufficient information either to admit or deny the allegations contained in the fourth and fifth sentences of paragraph 33.

34. Beando and W-G have insufficient information either to admit or deny the allegations in paragraph 34 of the Complaint.

35. Beando and W-G have insufficient information either to admit or deny the allegations in paragraph 35 of the Complaint.

36. Beando and W-G have insufficient information either to admit or deny the allegations contained in the first sentence of paragraph 36 of the Complaint. Beando and W-G admit

that Beando entered the room and sat on her knees in front of Carcieri, but deny that Beando grabbed Carcieri by the ankles, as alleged in the second sentence of paragraph 36. Beando and W-G deny the allegations contained in the third sentence of paragraph 36 of the Complaint. Beando and W-G have insufficient information either to admit or deny the allegations in the fourth sentence of paragraph 36 of the Complaint.

37. Beando and W-G deny the allegations in paragraph 37 of the Complaint.

38. Beando and W-G have insufficient information either to admit or deny the allegations in paragraph 38 of the Complaint.

39. Beando and W-G have insufficient information either to admit or deny the allegations in paragraph 39 of the Complaint.

40. Beando and W-G have insufficient information either to admit or deny the allegations in paragraph 40 of the Complaint.

41. Beando and W-G have insufficient information either to admit or deny the allegations in paragraph 41 of the Complaint.

42. Beando and W-G deny the allegations in paragraph 42 of the Complaint.

43. Beando and W-G have insufficient information either to admit or deny the allegations in paragraph 43 of the Complaint.

44. Beando and W-G have insufficient information either to admit or deny the allegations in paragraph 44 of the Complaint.

45. Beando and W-G have insufficient information either to admit or deny the allegations in paragraph 45 of the Complaint.

46. Beando and W-G have insufficient information either to admit or deny the allegations in paragraph 46 of the Complaint.

47. Beando and W-G have insufficient information either to admit or deny the allegations in paragraph 47 of the Complaint.

48. Beando and W-G have insufficient information either to admit or deny the allegations in paragraph 48 of the Complaint.

49. Beando and W-G have insufficient information either to admit or deny the allegations in paragraph 49 of the Complaint.

50. Beando and W-G have insufficient information either to admit or deny the allegations in paragraph 50 of the Complaint.

51. Beando and W-G have insufficient information either to admit or deny the allegations in paragraph 51 of the Complaint.

52. Beando and W-G have insufficient information either to admit or deny the allegations in paragraph 52 of the Complaint.

53. Beando and W-G have insufficient information either to admit or deny the allegations in paragraph 53 of the Complaint.

54. Beando and W-G have insufficient information either to admit or deny the allegations in paragraph 54 of the Complaint.

55. Beando and W-G have insufficient information either to admit or deny the allegations in paragraph 55 of the Complaint.

56. Beando and W-G have insufficient information either to admit or deny the allegations in paragraph 56 of the Complaint.

57. Beando and W-G deny the allegations in paragraph 57 of the Complaint.

58. Beando and W-G have insufficient information either to admit or deny the allegations in paragraph 58 of the Complaint.

59. Beando and W-G have insufficient information either to admit or deny the allegations in paragraph 59 of the Complaint.

60. Beando and W-G have insufficient information either to admit or deny the allegations in paragraph 60 of the Complaint.

61. Beando and W-G have insufficient information either to admit or deny the allegations in paragraph 61 of the Complaint.

62. Beando and W-G have insufficient information either to admit or deny the allegations in paragraph 62 of the Complaint.

63. Beando and W-G have insufficient information either to admit or deny the allegations in paragraph 63 of the Complaint.

64. Beando and W-G have insufficient information either to admit or deny the allegations in paragraph 64 of the Complaint.

65. Beando and W-G have insufficient information either to admit or deny the allegations in paragraph 65 of the Complaint.

*COUNT I – Assault and Battery*
Doe 1, Doe 2, Doe 3, Beando, Credit Union
Carcieri

The claims against Beando and W-G brought in Count I of the plaintiffs' Complaint were dismissed by Order of Judge Saylor dated June 22, 2006. Therefore, no response to Count I is required.

*COUNT II – False Arrest and Imprisonment*
Doe 1, Doe 2, Doe 3, Beando, Credit Union
Carcieri

The claims against Beando and W-G brought in Count II of the plaintiffs' Complaint were dismissed by Order of Judge Saylor dated June 22, 2006. Therefore, no response to Count II is required.

*COUNT III – Intentional and/or Negligent Infliction of Emotional Distress*
Doe 1, Doe 2, Doe 3, Beando, Credit Union
Carcieri

The claims against Beando and W-G brought in Count III of the plaintiffs' Complaint were dismissed by Order of Judge Saylor dated June 22, 2006. Therefore, no response to Count III is required.

*COUNT IV – Malicious Interference with Advantageous Business Relations*
Rosario, Carpenter, Hackett, Doe 1, Doe 2, Doe 3, Doe 4, Doe 5
Labadie and Carcieri

The claims raised in Count IV are not asserted against Beando and W-G. Therefore, no response to Count IV by Beando and W-G is required.

*COUNT V – Civil Rights Violations – State and Federal*
All Defendants
Carcieri

1. Beando and W-G reassert and incorporate herein their response to paragraphs 1 through 65 of the Complaint.

64541.1

2. Beando and W-G deny the allegations in paragraph 2 of Count V of the plaintiff's Complaint.

Beando and W-G deny the unnumbered paragraph between Counts V and VI.

*COUNT VI – Unlawful Detainer*
Rosario, Carpenter, Hackett, Doe 4, Doe 5, City of Worcester
Labadie and Carcieri

The claims raised in Count VI are not asserted against Beando and W-G. Therefore, no response to Count VI by Beando and W-G is required.

*COUNT VII – Tortious and Malicious destruction of Real and Personal Property*
Rosario, Carpenter, Hackett, Doe 4, Doe 5
Labadie and Carcieri

The claims raised in Count VII are not asserted against Beando and W-G. Therefore, no response to Count VII by Beando and W-G is required.

*COUNT VIII – Assault and Battery*
Rosario, Carpenter, Hackett, Doe 4, Doe 5
Labadie

The claims raised in Count VIII are not asserted against Beando and W-G. Therefore, no response to Count VIII by Beando and W-G is required.

*COUNT IX – False Arrest and Imprisonment*
Rosario, Carpenter, Hackett, Doe 4, Doe 5
Labadie

The claims raised in Count IX are not asserted against Beando and W-G. Therefore, no response to Count IX by Beando and W-G is required.

*COUNT X – Civil Rights Violations – State and Federal*
Rosario, Carpenter, Hackett, Doe 4, Doe 5
Labadie

The claims raised in Count X are not asserted against Beando and W-G. Therefore, no response to Count X by Beando and W-G is required.

64541.1

## AFFIRMATIVE DEFENSES

1. This action is barred by the applicable statute of limitations.

2. The Complaint fails to state a claim upon which relief can be granted.

3. The plaintiffs are barred from bringing this action by the doctrine of unclean hands.

4. The plaintiffs are barred from bringing this action by the doctrine of laches.

5. If the plaintiffs suffered damages, the plaintiffs' damages were caused by someone for whose conduct Beando and W-G were not responsible.

## JURY DEMAND

Defendants Beando and W-G demand a trial by jury on all counts.

**COUNTERCLAIM OF DEFENDANT W-G CREDIT UNION**

W-G Federal Credit Union, pursuant to Rule 13 of Federal Rules of Civil Procedure states by way of counterclaim against the plaintiffs, Susan Carcieri and George Labadie, as follows:

PARTIES

1. Counterclaim plaintiff, W-G Federal Credit Union ("W-G"), is a credit union with a principal place of business at 530 Grafton Street in Worcester, MA.

2. Counterclaim defendant Susan Carcieri ("Carcieri") is a resident of Worcester, Massachusetts and was at one time an employee of the counterclaim plaintiff Credit Union.

3. Counterclaim defendant George Labadie ("Labadie") is a resident of Worcester, Massachusetts.

JURISDICTION

4. This Court has jurisdiction over this compulsory counterclaim pursuant to 28 U.S.C. § 1367 (a) (2006).

ALLEGATIONS OF FACT

5. Labadie and Carcieri own and operate a gas station and convenience store on Grafton Street in Worcester, Massachusetts, hereinafter collectively referred to as the "Grafton Street Getty."

6. Carcieri was employed by W-G, and held the position of Office Manager.

7. In the early morning hours of August 27, 2002, Labadie and Carcieri, working together, robbed W-G, located at 530 Grafton Street in Worcester, Massachusetts.

64541.1

8. After they had finished removing the money from the safe and the tellers' boxes, Labadie and Carcieri worked together to make it appear as if Carcieri had been a victim of the robbery.

9. Labadie loosely bound Carcieri to a chair using draw cords from the window blinds in the bank. He tied her ankles to the base of the chair, and tied her wrists to the arms of the chair.

10. Carcieri claims that she was able to free her right wrist from the draw cord binding tied by Labadie before the police arrived at the bank.

11. Carcieri was able to slide her left wrist from the draw cord binding tied by Labadie in the presence of officers of the Worcester Police Department.

12. The officers of the Worcester Police Department present at the scene observed no marks or abrasions on Carcieri's wrists or ankles.

13. Labadie removed $210,800.00 in cash from W-G.

14. Labadie secured some of the money taken from W-G in his home. He secured the rest of it in unknown locations.

15. Shortly after the robbery, Labadie used some of the funds taken from W-G to purchase money orders in the amount of $9,500.00.

16. Shortly after the robbery, Labadie used some of the funds taken from W-G to pay off debts owed by him and Carcieri, either individually or as owners of the Grafton Street Getty, to the following entities: Westerman's, in the amount of $2,100.00 and the Massachusetts State Lottery Commission, in the amount of $47,560.00.

17. Shortly after the robbery, Labadie used some of the funds taken from W-G to purchase equipment under the name of Grafton Street Getty.

64541.1

18. Shortly after the robbery, Labadie used some of the funds taken from W-G to purchase a Gourmet Donuts franchise to be operated at the Grafton Street Getty.

## COUNT ONE CONVERSION

19. Counterclaim plaintiff W-G reasserts and re-alleges the allegations in paragraphs 1 through 18 as if incorporated herein.

20. Labadie and Carcieri had no right to possession of the money taken from W-G.

21. Labadie and Carcieri intentionally and wrongfully exercised acts of ownership, control and dominion over the money taken from W-G.

22. Labadie and Carcieri are accordingly liable for the tort of conversion, and must repay the funds taken from W-G.

WHEREFORE, W-G demands judgment for conversion against George Labadie and Susan Carcieri jointly and severally in the amount of $210,800.00, together with costs, expenses, interest and reasonably attorney fees.

## JURY DEMAND

Counterclaim Plaintiff W-G demands a trial by jury on all counts.

Dated: November 27, 2006

Respectfully submitted,
Deborah Beando and
W-G Federal Credit Union,
By their attorneys,

/s/ Julia E. Bell
William T. Bogaert, BBO # 546321
Julia E. Bell, BBO # 661185
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

14

64541.1

155 Federal Street  
Boston, MA 02210  
617-422-5300

<u>Certificate of Service</u>

 I, Julia E. Bell, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). I am not aware of any party who is a non registered participant, and therefore electronic filing is the sole means of service of this document.

<u>/s/ Julia E. Bell</u>  
Julia E. Bell

15

64541.1