UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEORGE LABADIE and )<br>SUSAN CARCIERI, )<br>    Plaintiffs )<br> )<br>v. )<br> )<br>DANIEL ROSARIO, )<br>STANLEY CARPENTER, )<br>BRIAN HACKETT, )<br>W-G FEDERAL CREDIT UNION, )<br>DEBORAH BEANDO, )<br>JOHN DOE 1, JOHN DOE 2, )<br>JOHN DOE 3, JOHN DOE 4, )<br>JOHN DOE 5, and )<br>CITY OF WORCESTER, )<br>    Defendants ) | CIVIL ACTION NO. 05-40148-FDS |

## DEFENDANTS DANIEL ROSARIO, BRIAN HACKETT AND THE CITY OF WORCESTER'S. MOTION FOR INVOLUNTARY DISMISSAL

Now come Defendants Daniel Rosario, Brian Hackett and the City of Worcester

("City Defendants"), pursuant to Fed. R. Civ. P. 41(b), to move this Court to dismiss the

present action for Plaintiffs' failure to prosecute and for Plaintiffs' failure to comply with

Court orders.  As grounds for this Motion the City Defendants state the following:

1.    On June 22, 2006, when this Court ruled on the City Defendants' Motion to

Strike and the Wyman-Gordon Defendants' Motion to Dismiss, the Court

granted Plaintiffs' motion for leave to amend the Complaint.  (See

Memorandum and Order on Motion to Strike and Motion to Dismiss attached

as Exhibit A.)  As of the date of this Motion, Plaintiffs never filed an amended

pleading.  Consequently, after waiting more than 4 months for Plaintiffs to file

their amended complaint, the Defendants recently filed answers to Plaintiffs' original Complaint.  (See Docket Report attached as Exhibit B.)

2.     On September 5, 2006, this Court held a scheduling conference at which time, following considerable debate, the Court ordered written discovery requests to be served by October 15, 2006.  (Exhibit B, Electronic Clerk's Notes entry of 9/5/2006.)

3.     On October 13, 2006, the City Defendants served written discovery requests in a timely manner and in accordance with this Court's Scheduling Order. (See discovery requests propounded to Plaintiffs attached as Exhibit C.)

4.     Plaintiffs did not serve any written discovery requests upon the City Defendants.

5.     Plaintiffs' responses to discovery requests were due within 30 days after service.  See Fed. R. Civ. P. 33(b)(3) and 34(b).  However, as of the date of this Motion, Plaintiffs have failed to serve any responses to the City Defendants' discovery requests.

6.     Plaintiffs filed the present action on August 29, 2005.  (Exhibit B.)  Since that time, Plaintiffs have done next to nothing to prosecute their case.

WHEREFORE, Plaintiffs' Complaint should be dismissed for failure to prosecute and failure to comply with Court orders.  Alternatively, in the event that the Court denies the City Defendants' Motion for Involuntary Dismissal, the City Defendants request that Plaintiffs' responses to discovery requests be compelled and that this Court order Plaintiffs' responses to be served within 14 days of the Court's order.

Respectfully submitted,

DEFENDANTS
DANIEL ROSARIO,
BRIAN HACKETT, and the
CITY OF WORCESTER

By their attorney,


/s/ Janet J. McGuiggan
Assistant City Solicitor
City of Worcester
City Hall, Room 301
455 Main Street
Worcester, MA 01608
(508) 799-1161
BBO #630013


## CERTIFICATE OF SERVICE

I, Janet J. McGuiggan, hereby certify that, on this 29th day of November, I served the within Motion upon all parties of record via this Court's electronic filing system (ECF) and by mailing a copy of the same via first-class mail, postage prepaid, to Robin Scott, Esq., Law Office of Hector Pineiro, 807 Main Street, Worcester, MA 01610 and to William T. Bogaert, Esq., Wilson, Elser, Moskowitz, Edelman & Dicker, 155 Federal Street, 5th Floor, Boston, MA 02110-4737.

/s/ Janet J. McGuiggan


## LOCAL RULE 7.1 CERTIFICATION

I, Janet J. Mcguiggan, hereby certify that I conferred with Robin Scott, Esq., counsel for Plaintiffs, with respect to Plaintiffs' outstanding discovery responses and with respect to the City Defendants' resultant need to file a motion seeking relief. The parties were unable to resolve or narrow the issues.

/s/ Janet J. McGuiggan

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GEORGE LABADIE and SUSAN CARCIERI, | ) ) ) |  |
| Plaintiffs, | ) ) ) |  |
| v. | ) ) | Civil Action No. 05-40148-FDS |
| DANIEL ROSARIO, STANLEY CARPENTER, BRIAN HACKETT, W-G FEDERAL CREDIT UNION, DEBORAH BEANDO, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, and THE CITY OF WORCESTER, | ) ) ) ) ) ) ) |  |
| Defendants. | ) ) ) |  |

MEMORANDUM AND ORDER ON
MOTION TO STRIKE AND MOTION TO DISMISS

SAYLOR, J.

This is a civil rights action arising out of the investigation, questioning, and detention of plaintiffs Susan Carcieri and George Labadie by City of Worcester police officers. The events in question occurred after a robbery at the credit union at which Carcieri worked. Plaintiffs have sued the City of Worcester; eight of its police officers, including five "John Doe" defendants; Carcieri's former employer, W-G Federal Credit Union; and the credit union's manager, Deborah Beando, for money damages.

The complaint alleges that while Carcieri was opening the credit union for business on the morning of August 27, 2002, she was grabbed from behind by an unknown assailant who then tied her up, robbed the credit union, and fled with the money. Carcieri was questioned by police that day and then released. Two days later, on August 29, she was summoned to the credit union,

where police were waiting to detain and question her. After approximately three hours of

questioning, she was allowed to leave. That same day, police detained and questioned Labadie,

her husband. They also obtained a search warrant and searched plaintiffs' home, confiscating

property and damaging it. Plaintiffs were never charged with any crime in connection with the

robbery.

Plaintiffs filed a complaint on August 29, 2005, alleging various state and federal causes of

action, as follows: assault and battery against Does 1 - 3, Beando, and W-G (Count I); false

arrest and imprisonment against Does 1 - 3, Beando, and W-G (Count II); intentional and/or

negligent infliction of emotional distress against Does 1 - 3, Beando, and W-G (Count III);

malicious interference with advantageous business relations against Rosario, Carpenter, Hackett,

and all Does (Count IV); violation of civil rights under 42 U.S.C. § 1983 and the Massachusetts

Civil Rights Act, M.G.L. c. 12, §§ 11H and 11I, against all defendants (Count V); unlawful

detainer against Rosario, Carpenter, Hackett, Does 4 and 5, and the City of Worcester (Count

VI); tortious and malicious destruction of real and personal property against Rosario, Carpenter,

Hackett, and Does 4 and 5 (Count VII); assault and battery against Rosario, Carpenter, Hackett,

and Does 4 and 5 (Count VIII); false arrest and imprisonment against Rosario, Carpenter,

Hackett, and Does 4 and 5 (Count IX); and civil rights violations under 42 U.S.C. § 1983 and the

Massachusetts Civil Rights Act, M.G.L. c. 12, §§ 11H and 11I against Rosario, Carpenter,

Hackett, and Does 4 and 5 (Count X).

Defendants Rosario, Hackett, and the City (collectively, the "City defendants") moved on

December 5, 2005, to strike paragraphs 21 through 26 under Fed. R. Civ. P. 12(f) as containing

"immaterial [or] impertinent . . . matter." On December 30, 2005, defendants W-G and Beando

moved to dismiss all claims brought against them (Counts I, II, III, and V) under Fed. R. Civ. P. 12(b)(6) for failure to state a claim against them upon which relief can be granted. Plaintiffs have opposed the motion to dismiss only insofar as it concerns Count V, and, in the alternative, seek leave to amend Count V to state the claim with greater specificity.

## I.    Motion to Strike

The motion to strike concerns paragraphs 21 through 26 of the complaint. These paragraphs detail the events of August 27, which basically consist of the robbery and the questioning of Carcieri at the police station. The City defendants allege that any claim based on the events of August 27 would be barred by the statute of limitations; as a result, they will be confused with actionable matters and the City defendants will be prejudiced in defending the action.[1] Plaintiffs apparently concede that claims arising based on the events of August 27 are time-barred, and acknowledge that their claims arise from the conduct occurring on and after August 29. However, they argue that there is no bar to factual allegations in a complaint that describe the context surrounding the actionable conduct.

"A court has considerable discretion in striking 'any redundant, immaterial, impertinent or scandalous matter'" from a complaint. *Alvarado-Morales v. Digital Equipment Corp.*, 843 F.2d 613, 618 (1st Cir. 1988). The City defendants' bare allegations that prejudice and confusion will result do not appear to be well-founded. Further, although liability may not arise from time-barred events, the events of August 27 are obviously related to those occurring August 29 and

---

[1] Specifically, they contend that "the events of August 27, 2002 and August 29, 2002 are very similar in nature insofar as both dates involved police questioning of Plaintiff Carcieri at the Wyman-Gordon Credit Union with some Defendants being present on both occasions. It would be difficult—upon Defendants and upon this Court—to be forced to continually distinguish between the events of the 27th and the events of the 29th throughout this litigation."

after.  *See generally* 5C CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE &

PROCEDURE § 1382 (2005) ("[T]here appears to be general judicial agreement . . . that [12(f)]

motions should be denied unless the challenged allegations have no possible relation or logical

connection to the subject matter of the controversy.").  At a minimum, paragraphs 21 through 26

provide background and context to the actionable claims, and therefore cannot be said to be

"immaterial [or] impertinent."  Accordingly, the motion to strike will be denied.

**B.    Motion to Dismiss**

As noted, plaintiffs have not opposed the motion to dismiss filed by W-G and Beando as

to Counts I, II, and III.  Accordingly, that portion of the motion will be granted.  That leaves the

motion of W-G and Beando to dismiss Count V, which alleges that W-G and Beando violated

Carcieri's state and federal civil rights as secured by § 1983 and the Massachusetts Civil Rights

Act.  Defendants argue, among other things, that plaintiffs have not satisfied the "stringent

pleading requirements" applicable to § 1983 conspiracy claims brought against private actors.

*See, e.g., McGillicuddy v. Clements*, 746 F.2d 76, 76 (1st Cir. 1984); *Slotnick v. Staviskey*, 560

F.2d 31, 33 (1st Cir. 1977); *Caraballo Cordero v. Banco Financiero de Puerto Rico*, 91 F. Supp.

2d 484, 491 (D.P.R. 2000); *Tauvar v. Bar Harbor Congregation*, 633 F. Supp. 741, 747 (D. Me.

1985) *aff'd* 787 F.2d 579 (1986) (table decision).

At a minimum, there is serious doubt as to whether such a heightened pleading

requirement remains valid law.  *See Educadores Puertorriquenos en Accion v. Hernandez*, 367

F.3d 61, 66-67 (1st Cir. 2004) (except where a federal statute or specific rule of civil procedure is

to the contrary, there are no heightened pleading standards in civil rights cases).  The Court need

not decide the issue, however, because plaintiffs have sought leave to amend their complaint to

4

state Count V with greater specificity. At this stage in the litigation—before a responsive

pleading has been served—plaintiffs have the right to do so. *See, e.g.*, *Leonard v. Parry*, 219

F.3d 25, 30 (1st Cir. 2000). Accordingly, the plaintiffs motion for leave to amend will be granted,

and defendants' motion to dismiss Count V will be denied without prejudice to its renewal.

## III.    Conclusion

For the foregoing reasons, Defendants Daniel Rosario, Brian Hackett, and the City of

Worcester's Motion to Strike Paragraphs 21 through 26, and All References Thereto, from

Plaintiffs' Complaint is DENIED. Defendants W-G Federal Credit Union and Deborah Beando's

Motion to Dismiss is GRANTED in part (as to the claims brought against W-G and Beando in

Counts I, II, and III) and is DENIED in part without prejudice (as to the claims brought against

W-G and Beando in Count V). Plaintiffs are granted leave to amend their complaint, which shall

be filed on or before July 7, 2006.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: June 22, 2006

5

**EXHIBIT B**

# United States District Court
# District of Massachusetts (Worcester)
## CIVIL DOCKET FOR CASE #: 4:05-cv-40148-FDS

Labadie et al v. Rosario et al
Assigned to: Judge F. Dennis Saylor, IV
Demand: $2,500,000
Cause: 42:1983 Civil Rights Act

Date Filed: 08/29/2005
Jury Demand: Both
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**George Labadie**

represented by **Hector E. Pineiro**
807 Main Street
Worcester, MA 01610
508-770-0600
Fax: 508-770-1300
Email: h.pineiro@att.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert A. Scott**
807 Main Street
Worcester, MA 01610
508-770-0600
Fax: 508-770-1300
Email: robinscott427@yahoo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert H. Beadel**
Law Office of Hector Pineiro
800 Main Street
Worcester, MA 01610
508-770-0600
Fax: 508-770-1300
Email: bobbeadel@hotmail.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Susan Carcieri**

represented by **Hector E. Pineiro**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert A. Scott**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert H. Beadel**

(See above for address)
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**Daniel Rosario**
*Detective of the Worcester Police
Department*

represented by **Janet J. McGuiggan**
City Hall
455 Main Street
Worcester, MA 01608
508-799-1161
Fax: 508-799-1163
Email: mcguigganj@ci.worcester.ma.us

*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

### Defendant

**Stanley Carpenter**
*Detective of the Worcester Police
Department*

### Defendant

**Brian Hackett**
*Detective for the Worcester Police
Department*

represented by **Janet J. McGuiggan**
(See above for address)
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

### Defendant

**John Doe, 1**
*Officer of the Worcester Police
Department*

### Defendant

**John Doe, 2**
*Office of the Worcester Police
Department*

### Defendant

**John Doe, 3**
*Officer of the Worcester Police
Department*

### Defendant

**John Doe, 4**
*Officer of the Worcester Police
Department*

### Defendant

John Doe, 5
*Officer of the Worcester Police
Department*

Defendant

W-G Federal Credit Union                    represented by   **William T. Bogaert**
                                                             Wilson, Elser, Moskowitz, Edelman &
                                                             Dicker LLP
                                                             155 Federal Street
                                                             5th Floor
                                                             Boston, MA 02110-4737
                                                             617-422-5300
                                                             Fax: 617-423-6917
                                                             Email: bogaertw@wemed.com
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Julia E, Bell**
                                                             Wilson, Elser, Moskowitz, Edelman &
                                                             Dicker
                                                             155 Federal Street
                                                             5th Floor
                                                             Boston, MA 02110
                                                             617-422-5300
                                                             Fax: 617-423-6917
                                                             Email: Julia.Bell@wilsonelser.com
                                                             *ATTORNEY TO BE NOTICED*

Defendant

Deborah Beando                              represented by   **William T. Bogaert**
*Manager of the W-G Federal Credit                           (See above for address)
Union*                                                       *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Julia E, Bell**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

Defendant

City of Worcester                           represented by   **Janet J. McGuiggan**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

Counter Claimant

W-G Federal Credit Union

Counter Claimant

Deborah Beando
*Manager of the W-G Federal Credit*

*Union*

v.

**Counter Defendant**

George Labadie

**Counter Defendant**

Susan Carcieri

| Date Filed | # | Docket Text |
|---|---|---|
| 08/29/2005 | 1 | COMPLAINT against Brian Hackett, John Doe, 1, John Doe, 2, John Doe, 3, John Doe, 4, John Doe, 5, W-G Federal Credit Union, Deborah Beando, City of Worcester, Daniel Rosario, Stanley Carpenter Filing fee: S 250, receipt number 404645, filed by George Labadie, Susan Carcieri. (Attachments: # 1 Exhibits# 2 Civil Cover Sheets)(Jones, Sherry) (Entered: 08/29/2005) |
| 08/29/2005 | | Summons Issued as to Brian Hackett, John Doe, 1, John Doe, 2, John Doe, 3, John Doe, 4, John Doe, 5, W-G Federal Credit Union, Deborah Beando, City of Worcester, Daniel Rosario, Stanley Carpenter. (Jones, Sherry) (Entered: 08/29/2005) |
| 11/16/2005 | 2 | US Marshal process receipt and return SUMMONS Returned Executed Deborah Beando served on 11/14/2005, answer due 12/5/2005. (Jones, Sherry) (Entered: 11/16/2005) |
| 11/16/2005 | 3 | US Marshal Process Receipt and return SUMMONS Returned Executed W-G Federal Credit Union served on 11/14/2005, answer due 12/5/2005. (Jones, Sherry) (Entered: 11/16/2005) |
| 11/16/2005 | 4 | US Marshal process receipt and return SUMMONS Returned Executed City of Worcester served on 11/14/2005, answer due 12/5/2005. (Jones, Sherry) (Entered: 11/16/2005) |
| 11/16/2005 | 5 | US Marshal process receipt and return SUMMONS Returned Executed Stanley Carpenter served on 11/14/2005, answer due 12/5/2005. (Jones, Sherry) (Entered: 11/16/2005) |
| 11/16/2005 | 6 | US Marshals Process Receipt and Return and SUMMONS Returned Executed Daniel Rosario served on 11/14/2005, answer due 12/5/2005. (Hassett, Kathy) (Entered: 11/16/2005) |
| 11/16/2005 | 7 | US Marshals Process Receipt and Return and SUMMONS Returned Executed Brian Hackett served on 11/14/2005, answer due 12/5/2005. (Hassett, Kathy) (Entered: 11/16/2005) |
| 12/05/2005 | 8 | MOTION to Strike 1 Complaint, *(paragraphs 21 through 26 and all references thereto)* by Brian Hackett, City of Worcester, Daniel Rosario. (McGuiggan, Janet) (Entered: 12/05/2005) |

| | | |
|---|---|---|
| 12/21/2005 | 9 | Opposition re 8 MOTION to Strike 1 Complaint, *(paragraphs 21 through 26 and all references thereto)* filed by George Labadie, Susan Carcieri, e. s. (Jones, Sherry) (Entered: 12/21/2005) |
| 12/30/2005 | 10 | NOTICE of Appearance by Julia E. Bell on behalf of W-G Federal Credit Union, Deborah Beando (Bell, Julia) (Entered: 12/30/2005) |
| 12/30/2005 | 11 | NOTICE of Appearance by William T. Bogaert on behalf of W-G Federal Credit Union, Deborah Beando (Bogaert, William) (Entered: 12/30/2005) |
| 12/30/2005 | 12 | MOTION to Dismiss by W-G Federal Credit Union, Deborah Beando. (Bogaert, William) (Entered: 12/30/2005) |
| 12/30/2005 | 13 | MEMORANDUM in Support re 12 MOTION to Dismiss filed by W-G Federal Credit Union, Deborah Beando. (Bogaert, William) (Entered: 12/30/2005) |
| 01/13/2006 | 14 | Opposition re 12 MOTION to Dismiss filed by Susan Carcieri. (Beadel, Robert) Additional attachment(s) added on 1/17/2006 (Hassett, Kathy). (Entered: 01/13/2006) |
| 01/17/2006 | 15 | NOTICE of Appearance by Robert H. Beadel on behalf of all plaintiffs (Beadel, Robert) (Entered: 01/17/2006) |
| 06/22/2006 | 16 | Judge F. Dennis Saylor IV: MEMORANDUM AND ORDER entered denying 8 Motion to Strike and granting in part and denying in part 12 Motion to Dismiss. (Castles, Martin) (Entered: 06/22/2006) |
| 07/11/2006 | 17 | NOTICE of Scheduling Conference: Scheduling Conference set for 9/5/2006 at 2:00PM in Courtroom 2 before Judge F. Dennis Saylor IV. (Castles, Martin) (Entered: 07/11/2006) |
| 09/05/2006 | 18 | STATEMENT OF COUNSEL of William T. Bogaert *Pursuant to Local Rule 16.1(D)* by W-G Federal Credit Union, Deborah Beando. (Bogaert, William) (Entered: 09/05/2006) |
| 09/05/2006 | 19 | CERTIFICATION pursuant to Local Rule 16.1 by all plaintiffs.(Scott, Robert) (Entered: 09/05/2006) |
| 09/05/2006 | | ElectronicClerk's Notes for proceedings held before Judge F. Dennis Saylor IV: Scheduling Conference held on 9/5/2006. Case called. Counsel appear for scheduling conference. Plaintiff request stay of case while criminal case is pending. Dfts oppose request. Court orders that Initial disclosures are to be completed by 9/19/06 and Requests for production of documents and interrogatories served by 10/15/06. No further discovery is to take place at this time. Court sets a further status conference: Status Conference set for 11/29/2006 at 2:00PM in Courtroom 2 before Judge F. Dennis Saylor IV. (Court Reporter M. Kusa-Ryll.) (Castles, Martin) (Entered: 09/06/2006) |
| 09/19/2006 | 20 | CERTIFICATION pursuant to Local Rule 16.1 *(D)(3)* by W-G Federal Credit Union, Deborah Beando.(Bell, Julia) (Entered: 09/19/2006) |
| | | |

| 09/19/2006 | 21 | Disclosure pursuant to Rule 26 by W-G Federal Credit Union, Deborah Beando. (Attachments: # 1 Exhibit A)(Bell, Julia) (Entered: 09/19/2006) |
| 09/19/2006 | 22 | Disclosure pursuant to Rule 26 by Brian Hackett, City of Worcester, Daniel Rosario.(McGuiggan, Janet) (Entered: 09/19/2006) |
| 09/19/2006 | | CERTIFICATION pursuant to Local Rule 16.1 by all plaintiffs.(Scott, Robert) (Entered: 09/19/2006) |
| 09/19/2006 | 24 | Disclosure pursuant to Rule 26 by all plaintiffs.(Scott, Robert) (Entered: 09/19/2006) |
| 09/20/2006 | | Notice of correction to docket made by Court staff. Correction: document #23 deleted, parties had not signed the document, counsel to refile. (Jones, Sherry) (Entered: 09/20/2006) |
| 09/20/2006 | 25 | CERTIFICATION pursuant to Local Rule 16.1 by all plaintiffs.(Scott, Robert) (Entered: 09/20/2006) |
| 11/21/2006 | 26 | ANSWER to Complaint with Jury Demand by Brian Hackett, City of Worcester, Daniel Rosario.(McGuiggan, Janet) (Entered: 11/21/2006) |
| 11/27/2006 | 27 | ANSWER to Complaint with Jury Demand, COUNTERCLAIM against George Labadie, Susan Carcieri by W-G Federal Credit Union, Deborah Beando.(Bell, Julia) (Entered: 11/27/2006) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 11/29/2006 11:45:53 | | |
| **PACER Login:** | cw0985 | **Client Code:** | labadie |
| **Description:** | Docket Report | **Search Criteria:** | 4:05-cv-40148-FDS |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

**EXHIBIT C**



**CITY OF WORCESTER**
LAW DEPARTMENT
CITY HALL, ROOM 301
WORCESTER, MASSACHUSETTS 01608

TELEPHONE
(508) 799-1161
FACSIMILE NUMBER
(508) 799-1163

DAVID M. MOORE
CITY SOLICITOR

October 13, 2006

Hector E. Pineiro, Esq.
Law Office of Hector Pineiro
807 Main Street
Worcester, MA 01610

Re:   <u>Labadie and Carcieri v. Rosario, et al.</u>
      U.S.D.C. C.A. No. 05-40148 FDS

Dear Mr. Pineiro:

With regard to the above-referenced case, enclosed please find copies of the following discovery documents propounded by Defendants Daniel Rosario, Stanley Carpenter, Brian Hackett, John Doe 1, John Doe 2, John Doe 3, John Doe 4, John Doe 5 and the City of Worcester (Defendants):

1) Defendants' First Request for Production of Documents Propounded to Plaintiff George Labadie;
2) Defendants' First Request for Production of Documents Propounded to Plaintiff Susan Carcieri;
3) Defendants' First Set of Interrogatories Propounded to Plaintiff George Labadie; and
4) Defendants' First Set of Interrogatories Propounded to Plaintiff Susan Carcieri.

Thank you for your attention to this matter.

Very truly yours,

Janet J. McGuiggan /wbb

Janet J. McGuiggan
Assistant City Solicitor

Enclosures

cc:    William T. Bogaert, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GEORGE LABADIE and SUSAN CARCIERI, | ) ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | No. 05-CV-40148-FDS |
| | ) | |
| DANIEL ROSARIO, STANLEY CARPENTER, BRIAN HACKETT, W-G FEDERAL CREDIT UNION, DEBORAH BEANDO, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, and THE CITY OF WORCESTER, a Municipal Corporation, | ) ) ) ) ) ) ) ) ) | |
| Defendants | ) | |

DEFENDANTS DANIEL ROSARIO, STANLEY CARPENTER, BRIAN HACKETT,
JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5 AND
THE CITY OF WORCESTER'S FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS PROPOUNDED TO PLAINTIFF GEORGE LABADIE

Defendants Daniel Rosario, Stanley Carpenter, Brian Hackett, John Doe 1, John Doe 2, John Doe 3, John Doe 4, John Doe 5 and the City of Worcester (collectively, Defendants) hereby propound their request upon Plaintiff George Labadie (herein, Plaintiff) for the following documents and tangible things for inspection, copying, testing, as applicable, at the office of Janet J. McGuiggan, Assistant City Solicitor, City Hall, Room 301, 455 Main Street, Worcester, MA, 01608, within thirty (30) days of the date of service of this request, pursuant to Fed. R. Civ. P. 34.

## DEFINITIONS

Defendants incorporate in this document request the definitions contained in LR 26.5.

## DOCUMENTS TO BE PRODUCED

1.    Any and all bank records from August 2000 to the present.

2.    Any and all credit card records from August 2000 to the present.

3.    Any and all W-2 statements from August 2000 to the present.

4.    Any and all state and federal income tax returns from 2000 to the present.

5.    Any and all records, documents, pleadings and filings of any nature pertaining to the criminal charges and prosecution arising out of the robbery of the W-G Credit Union on August 27, 2002, including grand jury transcripts.

6.    Any and all financial records pertaining to Plaintiffs' Getty gas station and food mart/convenience store on Grafton Street from 2000 to the present.

7.    Any and all financial records pertaining to Plaintiffs' lottery business operated out of Plaintiffs' Getty gas station and food mart/convenience store on Grafton Street from 2000 to the present, which includes the following:

2

       a.   any and all records of Plaintiffs' electronic funds transfer accounts held in trust for the Massachusetts State Lottery;

       b.   any and all contracts with the Lottery Commission;

       c.   any and all violation, suspension, or revocation notices from the Lottery Commission; and

       d.   any and all records of payments made to the Lottery Commission.

8.   Any and all cell phone records from August 26, 2002 to the present.

9.   Any and all written statements of Plaintiff provided to any entity regarding the August 27, 2002 robbery of the W-G Credit Union and subsequent events related to that robbery.

10.  Any and all written statements of any other individual(s), including Judith Brown, relative to the August 27, 2002 robbery of the W-G Credit Union.

11.  All discovery provided to Plaintiff by the District Attorney's Office as part of the criminal prosecution of Plaintiff arising out of the August 27, 2002 robbery of the W-G Credit Union.

12.  Any and all records pertaining to any and all business ventures that Plaintiff entered into from 2000 to present, including records pertaining to purchases related to said business ventures.

3

13. Any and all newspaper articles pertaining to the August 27, 2002 robbery of the W-G Credit Union.

14. A certified copy of the disposition of Plaintiff's criminal charges related to the August 27, 2002 robbery of the W-G Credit Union.

15. Any and all documents received from the public adjuster related to the damage to Plaintiffs' personal property and residence alleged in Plaintiffs' Complaint.

16. Any and all statutory claim notices presented to Defendant City of Worcester.

17. Any and all statements made by the Plaintiff evidencing or relating to the events alleged in Plaintiffs' Complaint.

18. Any and all statements made by any or all of the Defendants evidencing or relating to the events alleged in Plaintiffs' Complaint.

19. Any and all statements made by any witnesses evidencing or relating to the events alleged in Plaintiffs' Complaint.

20. Any and all statements given by any agent, servant or employee of Defendant City of Worcester evidencing or relating to the events alleged in Plaintiffs' Complaint.

21.  Any and all documents evidencing or relating to any written or verbal communication Plaintiff had with any agent, servant or employee of Defendant City of Worcester, or with any other person (other than his attorney), at any time during or following the events alleged in Plaintiffs' Complaint, concerning those alleged events.

22.  Any and all documents evidencing or relating to the allegation in Count IV of Plaintiffs' Complaint that Defendants intentionally and maliciously interfered with the advantageous business relationships of Plaintiffs.

23.  Any and all documents evidencing or relating to the allegation in Count VI of Plaintiffs' Complaint that Defendants unlawfully detained Plaintiffs' funds and property.

24.  Any and all documents evidencing or relating to the allegation in Count VII of Plaintiffs' Complaint that Defendants tortiously and maliciously destroyed Plaintiffs' real and personal property.

25.  Any and all documents, including, but not limited to, photographs, pertaining to any of Plaintiff's alleged injuries sustained as a result of the events alleged in Plaintiffs' Complaint.

26.  Any and all documents, including, but not limited to, photographs, pertaining to any property damage sustained by

Plaintiffs as a result of the events alleged in Plaintiffs' Complaint.

27.  Any and all documents, including, but not limited to, photographs or videotapes pertaining to the scene of the August 27, 2002 robbery of the W-G Credit Union that were made or taken during the period from August 27, 2002 to the present.

28.  Any and all documents evidencing or relating to medical or other treatment or consultation, or both, for any alleged injuries sustained by Plaintiff and caused by the incident alleged in Plaintiffs' Complaint, including, but not limited to, bills and reports.

29.  Any and all documents evidencing any physical, emotional, psychological or mental health conditions, illnesses or disabilities of Plaintiff:

> a.  for the period of time from ten years prior to the date of the incident alleged in Plaintiffs' Complaint up to and including said date; and
>
> b.  for the period of time after the date of the alleged incident, not caused by or arising from the same.

30.  If Plaintiff is alleging he sustained a diminished earning capacity or lost wages as a result of the events alleged in Plaintiffs' Complaint, any and all documents evidencing or relating to Plaintiff's income for 1996 through the present,

including, but not limited to, United States Income Tax Returns and W-2 forms.

31.   Any and all documents, other than those responsive to the above Requests, evidencing or relating to any injuries or damages sustained by Plaintiff and caused by the incident alleged in Plaintiffs' Complaint.

32.   The complete curriculum vitae for each and every expert retained or consulted by Plaintiff and/or expected to be called by Plaintiff to testify at the trial of this case.

33.   Any and all documents, including standards, periodicals, articles, books, pamphlets, monographs, treatises, regulations and other written memoranda, upon which each and every expert retained, consulted and/or expected to be called by Plaintiff relies or intends to rely at the trial of this case.

34.   All pleadings, all motions and all discovery filed by all parties in every other lawsuit, other than those responsive to the above Requests, including the transcript of any criminal proceeding, arising out of the events alleged in Plaintiffs' Complaint.

35.   Any and all correspondence or communications between the Worcester Police Department's Internal Affairs Division and Plaintiff and/or his attorney evidencing or relating to the events alleged in Plaintiffs' Complaint.

36.  Any and all correspondence or communications between the Attorney General's office and Plaintiff and/or his attorney evidencing or relating to the events alleged in Plaintiffs' Complaint.

37.  Any and all correspondence or communications between the United States Justice Department's office and Plaintiff and/or his attorney evidencing or relating to the events alleged in Plaintiffs' Complaint.

38.  All documents, other than those responsive to the above Requests, and all tangible things that Plaintiff intends to introduce into evidence, and/or use for questioning witnesses, at the trial of the case at bar.

> DANIEL ROSARIO, STANLEY
> CARPENTER, BRIAN HACKETT,
> JOHN DOE 1, JOHN DOE 2,
> JOHN DOE 3, JOHN DOE 4,
> JOHN DOE 5, and THE CITY OF
> WORCESTER, a Municipal
> Corporation,
>
> By their attorneys,
>
> David M. Moore
> City Solicitor
>
> *Janet J. McGuiggan /wfc*
> Janet J. McGuiggan (BBO# 630013)
> Assistant City Solicitor
> City Hall, Room 301
> 455 Main Street
> Worcester, MA  01608
> (508) 799-1161

8

## CERTIFICATE OF SERVICE

I, Janet J. McGuiggan, hereby certify that I have served upon all parties the within Defendants Daniel Rosario, Stanley Carpenter, Brian Hackett, John Doe 1, John Doe 2, John Doe 3, John Doe 4, John Doe 5 and the City of Worcester's First Request for Production of Documents Propounded to Plaintiff George Labadie by mailing a copy of the same, first class mail, postage prepaid, to the following this 13th day of October, 2006:

Hector E. Pineiro, Esq.
Law Office of Hector Pineiro
807 Main Street
Worcester, MA  01610

William T. Bogaert, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
155 Federal Street, 5th Floor
Boston, MA  02110-4737

Janet J. McGuiggan
Assistant City Solicitor

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GEORGE LABADIE and SUSAN      )
CARCIERI,                     )
          Plaintiffs          )
                              )
v.                            )     No. 05-CV-40148-FDS
                              )
DANIEL ROSARIO, STANLEY       )
CARPENTER, BRIAN HACKETT,     )
W-G FEDERAL CREDIT UNION,     )
DEBORAH BEANDO, JOHN DOE 1,   )
JOHN DOE 2, JOHN DOE 3, JOHN  )
DOE 4, JOHN DOE 5, and THE    )
CITY OF WORCESTER,            )
a Municipal Corporation,      )
          Defendants          )

DEFENDANTS DANIEL ROSARIO, STANLEY CARPENTER, BRIAN HACKETT,
JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5 AND
THE CITY OF WORCESTER'S FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS PROPOUNDED TO PLAINTIFF SUSAN CARCIERI

Defendants Daniel Rosario, Stanley Carpenter, Brian
Hackett, John Doe 1, John Doe 2, John Doe 3, John Doe 4, John
Doe 5 and the City of Worcester (collectively, Defendants)
hereby propound their request upon Plaintiff Susan Carcieri
(herein, Plaintiff) for the following documents and tangible
things for inspection, copying, testing, as applicable, at the
office of Janet J. McGuiggan, Assistant City Solicitor, City
Hall, Room 301, 455 Main Street, Worcester, MA, 01608, within
thirty (30) days of the date of service of this request,
pursuant to Fed. R. Civ. P. 34.

## DEFINITIONS

Defendants incorporate in this document request the definitions contained in LR 26.5.

## DOCUMENTS TO BE PRODUCED

1.  Any and all bank records from August 2000 to the present.

2.  Any and all credit card records from August 2000 to the present.

3.  Any and all W-2 statements from August 2000 to the present.

4.  Any and all state and federal income tax returns from 2000 to the present.

5.  Any and all records, documents, pleadings and filings of any nature pertaining to the criminal charges and prosecution arising out of the robbery of the W-G Credit Union on August 27, 2002, including grand jury transcripts.

6.  Any and all financial records pertaining to Plaintiffs' Getty gas station and food mart/convenience store on Grafton Street from 2000 to the present.

7.  Any and all financial records pertaining to Plaintiffs' lottery business operated out of Plaintiffs' Getty gas station and food mart/convenience store on Grafton Street from 2000 to the present, which includes the following:

a.   any and all records of Plaintiffs' electronic funds transfer accounts held in trust for the Massachusetts State Lottery;

b.   any and all contracts with the Lottery Commission;

c.   any and all violation, suspension, or revocation notices from the Lottery Commission; and

d.   any and all records of payments made to the Lottery Commission.

8.   Any and all cell phone records from August 26, 2002 to the present.

9.   Any and all written statements of Plaintiff provided to any entity regarding the August 27, 2002 robbery of the W-G Credit Union and subsequent events related to that robbery.

10.   Any and all written statements of any other individual(s), including Judith Brown, relative to the August 27, 2002 robbery of the W-G Credit Union.

11.   All discovery provided to Plaintiff by the District Attorney's Office as part of the criminal prosecution arising out of the August 27, 2002 robbery of the W-G Credit Union.

12.   Any and all records pertaining to any and all business ventures that Plaintiff entered into from 2000 to present, including records pertaining to purchases related to said business ventures.

3

13. Any and all newspaper articles pertaining to the August 27, 2002 robbery of the W-G Credit Union.

14. A certified copy of the disposition of any criminal charges brought against Plaintiff related to the August 27, 2002 robbery of the W-G Credit Union.

15. Any and all documents received from the public adjuster related to the damage to Plaintiffs' personal property and residence alleged in Plaintiffs' Complaint.

16. Any and all statutory claim notices presented to Defendant City of Worcester.

17. Any and all statements made by the Plaintiff evidencing or relating to the events alleged in Plaintiffs' Complaint.

18. Any and all statements made by any or all of the Defendants evidencing or relating to the events alleged in Plaintiffs' Complaint.

19. Any and all statements made by any witnesses evidencing or relating to the events alleged in Plaintiffs' Complaint.

20. Any and all statements given by any agent, servant or employee of Defendant City of Worcester evidencing or relating to the events alleged in Plaintiffs' Complaint.

4

21. Any and all documents evidencing or relating to any written or verbal communication Plaintiff had with any agent, servant or employee of Defendant City of Worcester, or with any other person (other than her attorney), at any time during or following the events alleged in Plaintiffs' Complaint, concerning those alleged events.

22. Any and all documents evidencing or relating to the allegation in Count IV of Plaintiffs' Complaint that Defendants intentionally and maliciously interfered with the advantageous business relationships of Plaintiffs.

23. Any and all documents evidencing or relating to the allegation in Count VI of Plaintiffs' Complaint that Defendants unlawfully detained Plaintiffs' funds and property.

24. Any and all documents evidencing or relating to the allegation in Count VII of Plaintiffs' Complaint that Defendants tortiously and maliciously destroyed Plaintiffs' real and personal property.

25. Any and all documents, including, but not limited to, photographs pertaining to Plaintiff's alleged physical and mental injuries sustained by Plaintiff as a result of the events alleged in Plaintiffs' Complaint.

26. Any and all documents, including, but not limited to, photographs, pertaining to any property damage sustained by

5

Plaintiffs as a result of the events alleged in Plaintiffs' Complaint.

27. Any and all documents, including, but not limited to, photographs or videotapes pertaining to the scene of the August 27, 2002 robbery of the W-G Credit Union that were made or taken during the period from August 27, 2002 to the present.

28. Any and all documents evidencing or relating to any psychological problems suffered by Plaintiff prior to the events alleged in Plaintiffs' Complaint.

29. Any and all documents evidencing or relating to medical or other treatment or consultation, or both, for the injuries allegedly sustained by Plaintiff and caused by the incident alleged in Plaintiffs' Complaint, including, but not limited to, bills and reports.

30. Any and all documents evidencing any physical, emotional, psychological or mental health conditions, illnesses or disabilities of Plaintiff:

        a. for the period of time from ten years prior to the date of the incident alleged in Plaintiffs' Complaint up to and including said date; and

        b. for the period of time after the date of the alleged incident, not caused by or arising from the same.

6

31.   If Plaintiff is alleging she sustained a diminished earning capacity or lost wages as a result of the events alleged in Plaintiffs' Complaint, any and all documents evidencing or relating to Plaintiff's income for 1996 through the present, including, but not limited to, United States Income Tax Returns and W-2 forms.

32.   Any and all documents relating to personnel policies of Plaintiff's employer or employers from January 1, 1996 until the present, or if Plaintiff has recovered, until the date of recovery, including, but not limited to, records of her sick leave and disability payments.

33.   If Plaintiff received Workers' Compensation as a result of the events alleged in Plaintiffs' Complaint, the entire file maintained by the Workers' Compensation carrier with respect to those events and/or the entire file maintained by her and/or her attorney, including, but not limited to, records of payments made to Plaintiff and medical records and bills.

34.   Any and all documents, other than those responsive to the above Requests, evidencing or relating to any injuries or damages sustained by Plaintiff and caused by the incident alleged in Plaintiffs' Complaint.

35.   The complete curriculum vitae for each and every expert retained or consulted by Plaintiff and/or expected to be called by Plaintiff to testify at the trial of this case.

36. Any and all documents, including standards, periodicals, articles, books, pamphlets, monographs, treatises, regulations and other written memoranda, upon which each and every expert retained, consulted and/or expected to be called by Plaintiff relies or intends to rely at the trial of this case.

37. All pleadings, all motions and all discovery filed by all parties in every other lawsuit, including the transcript of any criminal proceeding, other than those responsive to the above Requests, arising out of the events alleged in Plaintiffs' Complaint.

38. Any and all correspondence or communications between the Worcester Police Department's Internal Affairs Division and Plaintiff and/or her attorney evidencing or relating to the events alleged in Plaintiffs' Complaint.

39. Any and all correspondence or communications between the Attorney General's office and Plaintiff and/or her attorney evidencing or relating to the events alleged in Plaintiffs' Complaint.

40. Any and all correspondence or communications between the United States Justice Department's office and Plaintiff and/or her attorney evidencing or relating to the events alleged in Plaintiffs' Complaint.

41. All documents, other than those responsive to the above Requests, and all tangible things that Plaintiff intends to

8

introduce into evidence, and/or use for questioning witnesses, at the trial of the case at bar.

> DANIEL ROSARIO, STANLEY
> CARPENTER, BRIAN HACKETT,
> JOHN DOE 1, JOHN DOE 2,
> JOHN DOE 3, JOHN DOE 4,
> JOHN DOE 5, and THE CITY OF
> WORCESTER, a Municipal
> Corporation,
> By their attorneys,
> David M. Moore
> City Solicitor
>
> *Janet J. McGuiggan /WFG*
> Janet J McGuiggan (BBO# 630013)
> Assistant City Solicitor
> City Hall, Room 301
> 455 Main Street
> Worcester, MA  01608
> (508) 799-1161

## CERTIFICATE OF SERVICE

I, Janet J. McGuiggan, hereby certify that I have served upon all parties the within Defendants Daniel Rosario, Stanley Carpenter, Brian Hackett, John Doe 1, John Doe 2, John Doe 3, John Doe 4, John Doe 5 and the City of Worcester's First Request for Production of Documents Propounded to Plaintiff Susan Carcieri by mailing a copy of the same, first class mail, postage prepaid, to the following this *13th* day of October, 2006:

Hector E. Pineiro, Esq.
Law Office of Hector Pineiro
807 Main Street
Worcester, MA  01610

William T. Bogaert, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
155 Federal Street, 5th Floor
Boston, MA  02110-4737

*Janet J. McGuiggan /WFG*
Janet J. McGuiggan
Assistant City Solicitor

9

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GEORGE LABADIE and SUSAN )
CARCIERI, )
        Plaintiffs )
  )
v. )    No. 05-CV-40148-FDS
  )
DANIEL ROSARIO, STANLEY )
CARPENTER, BRIAN HACKETT, )
W-G FEDERAL CREDIT UNION, )
DEBORAH BEANDO, JOHN DOE 1, )
JOHN DOE 2, JOHN DOE 3, JOHN )
DOE 4, JOHN DOE 5, and THE )
CITY OF WORCESTER, )
a Municipal Corporation, )
        Defendants )

DEFENDANTS DANIEL ROSARIO, STANLEY CARPENTER, BRIAN HACKETT,
JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5 AND
CITY OF WORCESTER'S FIRST SET OF INTERROGATORIES PROPOUNDED TO
PLAINTIFF GEORGE LABADIE

    Defendants Daniel Rosario, Stanley Carpenter, Brian
Hackett, John Doe 1, John Doe 2, John Doe 3, John Doe 4, John
Doe 5 and the City of Worcester (collectively, Defendants)
hereby propound their interrogatories upon Plaintiff George
Labadie (herein, Plaintiff), pursuant to Fed. R. Civ. P. 33.

**DEFINITIONS**

    Defendants incorporate in these interrogatories the
definitions contained in LR 26.5. Particular attention is
directed to LR 26.5(C)(8)'s definition of "state the basis,"
which provides:

    (8) State the Basis. When an interrogatory calls
        upon a party to "state the basis" of or for
        a particular claim, assertion, allegation, or
        contention, the party shall

        (a) identify each and every document (and,
        where pertinent, the section, article, or
        subparagraph thereof), which forms any part

of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(b) identify each and every communication that forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(c) state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

(d) state separately any other fact that forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

Please also note that, as used in LR 26.5(C)(8), the words "document," "communication," "identify," (with respect to documents), "party" and "person" are further defined in LR 26.5(C).

## INTERROGATORIES

1. Please identify yourself fully, giving your full name, age, residence, social security number, occupation, your employer's name and address, both now and at the time of the alleged incident; if married, the full name and address of your spouse; and, if you have children, their full names and ages.

2. Please identify each person, other than your attorney, who participated in the preparation of these interrogatory answers, including that person's full name, age, residential address, and relationship to you.

3. Please identify the names and addresses of all individuals whom you know or believe have knowledge of any facts related to the allegations contained in your Complaint, and please set forth what you believe to be the substance of each person's knowledge.

4.    Please identify and describe in full and complete detail the sequence of acts and events on August 27, 2002, including without limitation the time of day; what you did, saw and heard, both during the incident as well as immediately preceding and immediately following the incident; the Worcester Police Officers present; and the manner in which each officer allegedly made contact with you.

5.    As a result of the August 27, 2002 robbery of the W-G Credit Union, please state where you were charged, indicted, and/or convicted of any crime.    Included in your answer, please identify the time of your arrest, the arresting officer(s), the booking officer(s), the court where the charges were filed, docket number and the final disposition of said case.

6.    Please identify and describe in full and complete detail the sequence of acts and events on August 29, 2002, including without limitation the time of day; what you did, saw and heard, both during the incident as well as immediately preceding and immediately following the incident; the Worcester Police Officers present; and the manner in which each officer allegedly made contact with you.

7.    Please identify and describe the specific source(s) of the $22,000.00 in U.S. currency, as well as the particular articles of "non-contraband personal property," which you claim was confiscated from your premises on August 29, 2002.

8.    Please describe and itemize the value of the particular items of personal property you claim were destroyed by members of the WPD, as well as the damage to the interior and exterior of your residence that you allege occurred on August 29, 2002.

9.    Please describe the alleged contact by the members of the WPD with vendors and suppliers of the Getty gas station and Food Mart business, as well as the State Lottery Commission and other state authorities, which you claim occurred after August 29, 2002.    Included in your answer, please identify which business entities and authorities were contacted, the specific people who were contacted and by whom, when the contact occurred, the nature of the contact, and any action taken by the business entities and authorities as a result of that contact.

10.    Please identify the specific date when you closed the Getty gas station and Food Mart.

3

11.    Please state each and every fact upon which you rely in Count IV of Plaintiffs' Complaint that the actions of the Defendants constituted intentional and malicious interference with Plaintiffs' advantageous business relations.    In your answer, please include a specification by name, badge number, or other sufficient description, as to the identity of police officers Doe 1, 2, 3, 4 and 5.

12.    Please state each and every fact upon which you rely in Count VI of Plaintiffs' Complaint that the actions of the Defendants constituted an unlawful detainer of Plaintiffs' funds and property.

13.    Please state each and every fact upon which you rely in Count VII of Plaintiffs' Complaint that the actions of the Defendants constituted a tortious and malicious destruction of Plaintiffs' real and personal property.

14.    Please state each and every fact upon which you rely in Count VIII of Plaintiffs' Complaint that the actions of the Defendants constituted an assault and battery upon you.    Included in your answer, please describe in detail the specific contact each of the five officers had with you.

15.    If there were any witnesses to the alleged assault and battery alleged in Count VIII, please identify each witness by name and address and describe what each witness saw and heard.

16.    Please state each and every fact upon which you rely in Count IX of Plaintiffs' Complaint that the actions of Defendants constituted your false arrest and imprisonment.

17.    Please state each and every fact upon which you rely in Count X of Plaintiffs' Complaint that the actions of Defendants constituted violations of your civil rights.

18.    If you had any conversation with any agent, servant, employee or consultant of the City of Worcester and/or the WPD concerning the events alleged in Plaintiffs' Complaint, either during or after those events, please set forth in as much detail as possible the substance of each such conversation and the names of all individuals present during each such conversation.

19.    If, as a result of any injuries sustained by you due to the events alleged in the Complaint, you received medical and/or psychological care, treatment, therapy and/or consultation, please give:

4

a.   the name and address of any and all persons or
     institutions from which you received such care,
     treatment, therapy or consultation;

b.   the dates of all care, treatment, therapy or
     consultations so received; and

c.   itemized accounts of all expenses incurred due to all
     care, treatment, therapy or consultations so received.

20. Please describe fully and in complete detail, including
dates, any and all physical and mental illnesses, injuries,
diseases, defects or operations which you may have had or
suffered from 1992 to the present as a result of events other
than those alleged in the Complaint.   In your answer, please
provide the name and address of any institution or medical
facility where Plaintiff received medical care and nature of the
care sought.

21. If, as a result of the events alleged in the Complaint,
you lost any time from any occupation or employment that you may
have then had, please state as accurately as possible:

a.   what your occupation was at the time of said accident;

b.   the full name and address of your employer(s);

c.   the dates on which or between which you were
     incapacitated, setting forth the date on which you
     first returned to work after your alleged accident;

d.   the average weekly income received by you for your work
     at the time of said accident;

e.   the amount of financial loss suffered by you as a
     result of your incapacity to work; and

f.   your employer(s) and weekly or hourly salary for the
     period from January 1, 1996 to the present.

22. Please describe fully and in complete detail any and all
injuries or injurious effects of the events alleged in the
Complaint from which you are now suffering, stating which, if
any, will in your opinion be permanent, or if you have recovered,
please state the approximate date on which you recovered.

23.  Please state, in itemized form, all expenses or damages suffered by you or incurred by anyone on your behalf as a result of the events alleged in the Complaint, other than those expenses or damages set forth in the answers to the above interrogatories.

24.  Please identify each person you expect to call as an expert witness on your behalf at the trial of this action, including each expert's address, and the nature of the issue on which each expert will be called to testify.

25.  With respect to each expert witness you identified in your answer to Interrogatory No. 24, please state:

   a.  the substance of the facts and opinions to which each such expert is expected to testify;

   b.  a summary of the grounds for each opinion of each such expert, including any observations or tests conducted by each expert; and

   c.  all documents upon which each such expert relies or makes reference to in his or her opinion.

                    DANIEL ROSARIO, STANLEY CARPENTER,
                    BRIAN HACKETT, JOHN DOE 1, JOHN
                    DOE 2, JOHN DOE 3, JOHN DOE 4,
                    JOHN DOE 5, and THE CITY OF
                    WORCESTER, a Municipal
                    Corporation,

                    By their attorneys,

                    David M. Moore
                    City Solicitor

                    _Janet J. McGuiggan_ /WJQ
                    Janet J. McGuiggan (BBO# 630013)
                    Assistant City Solicitor
                    City Hall, Room 301
                    455 Main Street
                    Worcester, MA  01608
                    (508) 799-1161

## CERTIFICATE OF SERVICE

I, Janet J. McGuiggan, hereby certify that I have served upon all parties the within Defendants Daniel Rosario, Stanley Carpenter, Brian Hackett, John Doe 1, John Doe 2, John Doe 3, John Doe 4, John Doe 5 and the City of Worcester's First Set of Interrogatories Propounded to Plaintiff George Labadie by mailing a copy of the same, first class mail, postage prepaid, to the following this 13th day of October, 2006:

Hector E. Pineiro, Esq.
Law Office of Hector Pineiro
807 Main Street
Worcester, MA  01610

William T. Bogaert, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
155 Federal Street, 5th Floor
Boston, MA  02110-4737

*Janet Jo McGuiggan /WXQ*
Janet J. McGuiggan
Assistant City Solicitor

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GEORGE LABADIE and SUSAN          )
CARCIERI,                         )
      Plaintiffs              )
                                  )
v.                                )    No. 05-CV-40148-FDS
                                  )
DANIEL ROSARIO, STANLEY           )
CARPENTER, BRIAN HACKETT,         )
W-G FEDERAL CREDIT UNION,         )
DEBORAH BEANDO, JOHN DOE 1,       )
JOHN DOE 2, JOHN DOE 3, JOHN      )
DOE 4, JOHN DOE 5, and THE        )
CITY OF WORCESTER,                )
a Municipal Corporation,          )
      Defendants              )

DEFENDANTS DANIEL ROSARIO, STANLEY CARPENTER, BRIAN HACKETT,
JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5 AND
CITY OF WORCESTER'S FIRST SET OF INTERROGATORIES PROPOUNDED TO
PLAINTIFF SUSAN CARCIERI

    Defendants Daniel Rosario, Stanley Carpenter, Brian
Hackett, John Doe 1, John Doe 2, John Doe 3, John Doe 4, John
Doe 5 and the City of Worcester (collectively, Defendants)
hereby propound their interrogatories upon Plaintiff Susan
Carcieri (herein, Plaintiff), pursuant to Fed. R. Civ. P. 33.

**DEFINITIONS**

    Defendants incorporate in these interrogatories the
definitions contained in LR 26.5. Particular attention is
directed to LR 26.5(C)(8)'s definition of "state the basis,"
which provides:

    (8)  State the Basis. When an interrogatory calls
        upon a party to "state the basis" of or for
        a particular claim, assertion, allegation, or
        contention, the party shall

        (a) identify each and every document (and,
        where pertinent, the section, article, or
        subparagraph thereof), which forms any part
        of the source of the party's information

regarding the alleged facts or legal
conclusions referred to by the interrogatory;

(b) identify each and every communication
that forms any part of the source of the
party's information regarding the alleged
facts or legal conclusions referred to by the
interrogatory;

(c) state separately the acts or omissions to
act on the part of any person (identifying
the acts or omissions to act by stating their
nature, time, and place and identifying the
persons involved) which form any part of the
party's information regarding the alleged
facts or legal conclusions referred to in the
interrogatory; and

(d) state separately any other fact that
forms the basis of the party's information
regarding the alleged facts or conclusions
referred to in the interrogatory.

Please also note that, as used in LR 26.5(C)(8), the words
"document," "communication," "identify," (with respect to
documents), "party" and "person" are further defined in LR
26.5(C).

## INTERROGATORIES

1.   Please identify yourself fully, giving your full name,
age, residence, social security number, occupation, your
employer's name and address, both now and at the time of the
alleged incident; if married, the full name and address of your
spouse; and, if you have children, their full names and ages.

2.   Please identify each person, other than your attorney,
who participated in the preparation of these interrogatory
answers, including that person's full name, age, residential
address, and relationship to you.

3.   Please identify the names and addresses of all
individuals whom you know or believe have knowledge of any facts
related to the allegations contained in your Complaint, and
please set forth what you believe to be the substance of each
person's knowledge.

2

4.   Please identify and describe in full and complete detail the sequence of acts and events on August 27, 2002, including without limitation the time of day; what you did, saw and heard, both during the incident as well as immediately preceding and immediately following the incident; the Worcester Police Officers present; and the manner in which each officer allegedly made contact with you.

5.   As a result of the August 27, 2002 robbery of the W-G Credit Union, please state where you were charged, indicted, and/or convicted of any crime.  Included in your answer, please identify the time of your arrest, the arresting officer(s), the booking officer(s), the court where the charges were filed, docket number and the final disposition of said case.

6.   Please identify and describe in full and complete detail the sequence of acts and events on August 29, 2002, including without limitation the time of day; what you did, saw and heard, both during the incident as well as immediately preceding and immediately following the incident; the Worcester Police Officers present; and the manner in which each officer allegedly made contact with you.

7.   Please identify and describe the specific source(s) of the $22,000.00 in U.S. currency, as well as the particular articles of "non-contraband personal property," which you claim was confiscated from your premises on August 29, 2002.

8.   Please describe and itemize the value of the particular items of personal property you claim were destroyed by members of the WPD, as well as the damage to the interior and exterior of your residence that you allege occurred on August 29, 2002.

9.   Please describe the alleged contact by the members of the WPD with vendors and suppliers of the Getty gas station and Food Mart business, as well as the State Lottery Commission and other state authorities, which you claim occurred after August 29, 2002.  Included in your answer, please identify which business entities and authorities were contacted, the specific people who were contacted and by whom, when the contact occurred, the nature of the contact, and any action taken by the business entities and authorities as a result of that contact.

10.   Please state each and every fact upon which you rely in Count I of Plaintiffs' Complaint that the actions of the Defendants constituted an assault and battery upon you.  In your answer, please include a specification by name, badge number, or

3

other sufficient description, as to the identity of police officers Doe 1, 2, and 3, as well as the specific contact each of the three officers had with you.

11.  If there were any witnesses to the alleged assault and battery alleged in Count I, please identify each witness by name and address and describe what each witness saw and heard.

12.  Please state each and every fact upon which you rely in Count II of Plaintiffs' Complaint that the actions of the Defendants constituted your false arrest and imprisonment.

13.  Please state each and every fact upon which you rely in Count III of Plaintiffs' Complaint that the actions of the Defendants constituted the intentional and/or negligent infliction of emotional distress upon you.

14.  Please state each and every fact upon which you rely in Count IV of Plaintiffs' Complaint that the actions of the Defendants constituted intentional and malicious interference with Plaintiffs' advantageous business relations.  In your answer, please include a specification by name, badge number, or other sufficient description, as to the identity of police officers Doe 4 and 5.

15.  Please state each and every fact upon which you rely in Count V of Plaintiffs' Complaint that the actions of Defendants constituted violations of your civil rights.

16.  Please state each and every fact upon which you rely in Count VI of Plaintiffs' Complaint that the actions of the Defendants constituted an unlawful detainer of Plaintiffs' funds and property.

17.  Please state each and every fact upon which you rely in Count VII of Plaintiffs' Complaint that the actions of the Defendants constituted a tortious and malicious destruction of Plaintiffs' real and personal property.

18.  If you had any conversation with any agent, servant, employee or consultant of the City of Worcester and/or the WPD concerning the events alleged in Plaintiffs' Complaint, either during or after those events, please set forth in as much detail as possible the substance of each such conversation and the names of all individuals present during each such conversation.

4

19.  If, as a result of any injuries sustained by you due to the events alleged in the Complaint, you received medical and/or psychological care, treatment, therapy and/or consultation, please give:

a.  the name and address of any and all persons or institutions from which you received such care, treatment, therapy or consultation;

b.  the dates of all care, treatment, therapy or consultations so received; and

c.  itemized accounts of all expenses incurred due to all care, treatment, therapy or consultations so received.

20. Please describe fully and in complete detail, including dates, any and all physical and mental illnesses, injuries, diseases, defects or operations which you may have had or suffered from 1992 to the present as a result of events other than those alleged in the Complaint.  In your answer, please provide the name and address of any institution or medical facility where Plaintiff received medical care and nature of the care sought.

21. If, as a result of the events alleged in the Complaint, you lost any time from any occupation or employment that you may have then had, please state as accurately as possible:

a.  what your occupation was at the time of said accident;

b.  the full name and address of your employer(s);

c.  the dates on which or between which you were incapacitated, setting forth the date on which you first returned to work after your alleged accident;

d.  the average weekly income received by you for your work at the time of said accident;

e.  the amount of financial loss suffered by you as a result of your incapacity to work; and

f.  your employer(s) and weekly or hourly salary for the period from January 1, 1996 to the present.

22. Please describe fully and in complete detail any and all injuries or injurious effects of the events alleged in the

Complaint from which you are now suffering, stating which, if any, will in your opinion be permanent, or if you have recovered, please state the approximate date on which you recovered.

23.  Please state, in itemized form, all expenses or damages suffered by you or incurred by anyone on your behalf as a result of the events alleged in the Complaint, other than those expenses or damages set forth in the answers to the above interrogatories.

24.  Please identify each person you expect to call as an expert witness on your behalf at the trial of this action, including each expert's address, and the nature of the issue on which each expert will be called to testify.

25.  With respect to each expert witness you identified in your answer to Interrogatory No. 24, please state:

a.  the substance of the facts and opinions to which each such expert is expected to testify;

b.  a summary of the grounds for each opinion of each such expert, including any observations or tests conducted by each expert; and

c.  all documents upon which each such expert relies or makes reference to in his or her opinion.

> DANIEL ROSARIO, STANLEY CARPENTER, BRIAN HACKETT, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, and THE CITY OF WORCESTER, a Municipal Corporation,
>
> By their attorneys,
>
> David M. Moore
> City Solicitor
>
> *Janet J. McGuiggan /WFL*
> Janet J. McGuiggan (BBO# 630013)
> Assistant City Solicitor
> City Hall, Room 301
> 455 Main Street
> Worcester, MA  01608
> (508) 799-1161

6

## CERTIFICATE OF SERVICE

I, Janet J. McGuiggan, hereby certify that I have served upon all parties the within Defendants Daniel Rosario, Stanley Carpenter, Brian Hackett, John Doe 1, John Doe 2, John Doe 3, John Doe 4, John Doe 5 and the City of Worcester's First Set of Interrogatories Propounded to Plaintiff Susan Carcieri by mailing a copy of the same, first class mail, postage prepaid, to the following this 13ᵗʰ day of October, 2006:

Hector E. Pineiro, Esq.
Law Office of Hector Pineiro
807 Main Street
Worcester, MA  01610

William T. Bogaert, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
155 Federal Street, 5ᵗʰ Floor
Boston, MA  02110-4737

Janet J. McGuiggan
Assistant City Solicitor

7