UNITED STATES DISTRICT COURT OF MASSACHUSETTS

WORCESTER, ss.                                                            CIVIL ACTION NO. 05-40148 FDS

GEORGE LABADIE and SUSAN         )
CARCIERI,                        )
    Plaintiffs                  )
                                 )
v.                               )
                                 )
DANIEL ROSARIO, STANLEY          )
CARPENTER, BRIAN HACKETT,        )
W-G FEDERAL CREDIT UNION,        )
DEBORAH BEANDO, JOHN DOE 1,      )
JOHN DOE 2, JOHN DOE 3, JOHN DOE 4,)
JOHN DOE 5, and THE CITY OF      )
WORCESTER, a Municipal Corporation, )
    Defendants                  )

### PLAINTIFFS' OPPOSITION TO DEFENDANTS W-G FEDERAL CREDIT UNION AND DEBORAH BEANDO'S RENEWED MOTION TO DISMISS

Now come the plaintiffs and they respectfully request this Honorable Court deny the motion of defendants W-G Federal Credit Union ("the Credit Union") and Deborah Beando ("Beando") for dismissal of the claims against them for allegedly violating the state and federal civil rights of plaintiff Susan Carcieri ("Carcieri"). In short, plaintiffs submit their complaint alleges facts giving abundant grounds to claim that Beando and the Credit Union committed numerous violations of Carcieri's federal and state civil rights in concert with law enforcement officials. From a fair reading of the complaint, the conclusion is inescapable that the conduct alleged comprehends and notices claims of concerted conduct and conspiracy to violate Carcieri's civil rights.

In further support of her request that the renewed motion to dismiss be denied plaintiff further states as follows:

1

I.        **Facts Alleged in the Complaint and Reasonable Inferences Therefrom**

The complaint alleges:

The credit union was a financial institution chartered by the United States and did business in Worcester, Massachusetts. ¶ 14. Beando was the Credit Union's manager, ¶ 15, and Carcieri was at pertinent times its employee and office manager, ¶ 19. On the morning of August 27, 2002, a person or persons unknown robbed the credit union while Carcieri was the only employee present and in the course thereof forced her to provide access to the safe under threat of physical harm. ¶¶ 20 – 23. On August 29, 2002, Carcieri received a telephone call at her home from Beando asking her to "come over to the Credity Union for a minute because I need your help. ¶ 27. Carcieri did as requested and, for approximately three hours from her arrival at the Credit Union three Worcester police officers seized, physically detained, assaulted, battered, threatened, intimidated, and interrogated her against her will, denied her access to counsel, and denied her access to a telephone – all at and entirely within the Credit Union premises. ¶¶ 28 – 35. Near the end of her ordeal, Beando joined in the interrogation. ¶ 36.

The plaintiffs allege, at ¶ 37 of the complaint, "that Beando, acting individually as well as within the scope of her authority as Manager of the Credit union conspired with [police] to 'lure' Carcieri to the Credit Union.

For purposes of a Rule 12 (b) (6) motion to dismiss the Court will "accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor and determine whether the complaint, so read, sets forth facts sufficient to justify recovery . . ." *Martin v. Applied Cellular Tech.*, 284 F.3d 1, 6 (1st Cir. 2002).

Plaintiffs submit that reasonable inferences from the foregoing include the following:

- Beando had possession and control of the Credit Union premises ("the premises");
- Beando knew that she was luring Carcieri to the premises under false pretenses;
- Beando knew that three grown male police officers would confront the lone and unsuspecting Carcieri on her arrival at the premises, that they would physically detain and intimidate her there, and deny her the right to counsel and the right to decline interrogation as a means of getting her to confess to the credit union robbery;
- Beando knew or should have known that the purpose of luring Carcieri to the premises without informing her that police were waiting for her was to deny her the right to counsel and the right to refuse to speak with the police and to pressure her into confessing;
- While the police detained and otherwise abused Carcieri at the premises Beando was present at the premises and aware that they were doing so;
- Beando lured Carcieri to the premises and allowed the police to detain and otherwise abuse her there as part of a common enterprise in which she joined with police to isolate Carcieri and obtain a confession from her;
- Beando personally joined in the interrogation of Carcieri;
- The comment of a police officer to Beando at the end of the interrogation, complaint ¶ 36, corroborates the existence of a common understanding, plan and purpose of Beando and the police in luring Carcieri to the credit union, misusing the police power to physically detain her there and to interrogate and intimidate her, deny her the right to counsel and demand her confession;

- Beando's motive and purpose in engaging jointly with police in the actionable conduct alleged was to misuse the police power in furtherance of her own and/or her employer's interests.

II.   **Argument**

The motion should be denied as to both state and federal civil rights claims because the facts pleaded, and reasonable inferences from them, clearly allege that Beando, as agent of the credit union, was involved with police from start to finish in the execution of a plan to lure Carcieri to the Credit Union premises, detain her there and otherwise abuse her as alleged.

A. The standard for claiming civil rights violations against a private party requires allegation that the party willfully participated in the joint activity with state agents by which the violations occurred.

"Private persons, jointly engaged with state officials in the prohibited action, are acting 'under color' of law for purposes of the statute [42 U.S.C. §1983]. To act under color of law does not require that the accused be an officer of the State. It is enough that he is a *willful participant in joint activity* with the state or its agents." *Adickes v. Kress & Co.* 398 U.S. 144, 152 (1970), quoting *United States v. Price* 383 U.S. 787, 794 (1966) (emphasis added).

The Court in *Adickes* addresses the standard for determining when private conduct may be considered conduct under color of law for purposes of § 1983. *Id*. at 150 -152. While the standard requires participation by the charged party in the misuse of state power, and the Court makes liberal use of the work "conspiracy," it does not prescribe an arbitrary standard as to how a plaintiff states the facts that amount to conduct under the color of law. *Id.* "Although this is a lawsuit against a private party, not the State or one of its officials, our cases make clear that petitioner will have made out a violation of her Fourteenth Amendment rights and will be

4

entitled to relief under § 1983 if she can prove that [the private actor and a police officer] somehow reached an understanding" to abridge the plaintiff's civil rights. *Id.* at 152.

The crux of the test is the participation of the private actor in the misuse of state power. "[P]rivate actors may align themselves so closely with either state action or state actors that the undertow pulls them inexorably into the grasp" of §1983. *Roche v. John Hancock Mut. Life* 81 F.3d 249, 252 – 253 (1st Cir. 1996).

This is an issue of fact, not one of formulaic pleading. The question for the Court is whether the facts as pleaded, with allowable inferences, comprehend the allegation of Beando and the Credit Union's furtherance of and participation in the alleged misconduct of the police.

B. <u>A fair reading of the facts alleged in the complaint finds clear allegation of the Credit Union and Beando's conduct, planned and concerted with the police, to violate Carcieri's rights.</u>

The complaint indisputably alleges Beando provided the premises police used to detain and abuse the plaintiff, that she did so with knowledge and approval of the planned misconduct of the police, that she lured Carcieri to that location with a lie, allowed detention, involuntary interrogation and denial of the right to counsel to proceed, and finally joined enthusiastically in the interrogation. Her deception of Carcieri, control of the premises, and her continuous sufferance of the interrogation and deprivation of rights were essential to the actionable conduct, from start to finish. Under any fair reading of the complaint, it alleges that Beando planned, conspired, cooperated and participated in the scheme with police to the end.

III     **Conclusion**

The complaint plainly alleges that Beando, and through her the credit union, were "willful participant[s] in joint activity with the state or its agents" by which they violated Carcieri's civil rights, the motion to dismiss should be denied as to the civil rights claims.

Respectfully submitted,

Plaintiffs
By their attorneys

/S/ *Robert A. Scott*_____
Hector E. Pineiro BBO# 555315
Stewart T. Herrick BBO# 232060
Robert A. Scott BBO# 648740
Law Office of Hector E. Pineiro
807 Main Street
Worcester, MA 01610
(508) 770-0600

DATED:  December, 2006

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants, on December 28, 2006.

/S/ *Robert A. Scott*_____