UNITED STATES DISTRICT COURT OF MASSACHUSETTS

WORCESTER, ss.                                              CIVIL ACTION NO. 05-40148 FDS

| | |
|---|---|
| GEORGE LABADIE and SUSAN CARCIERI,<br>    Plaintiffs<br><br>v.<br><br>DANIEL ROSARIO, STANLEY CARPENTER, BRIAN HACKETT, W-G FEDERAL CREDIT UNION, DEBORAH BEANDO, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, and THE CITY OF WORCESTER, a Municipal Corporation,<br>    Defendants | ))))))))))))))) |

### GEORGE LABADIE'S AND SUSAN CARCIERI'S OPPOSITION TO DEFENDANT'S W-G CREDIT UNION AND DEBORAH BEANDO'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND SUBMIT TO DEPOSITIONS AND CROSS MOTION FOR PROTECTIVE ORDER

Plaintiffs George Labadie and Susan Carcieri ("Plaintiffs") respectfully requests this Honorable Court deny the W-G Credit Union and Deborah Beando's ("defendants") motion to compel them to answer interrogatories and submit to depositions or in the alternative to dismiss the complaint and allow an adverse inference against plaintiffs in defendants' counterclaim. Plaintiff's request a stay of this proceeding pending disposition of criminal charges pending against them in Worcester Superior Court, or in the alternative they request adoption of a protective order temporarily barring further discovery against them. Fed. R.Civ. P. 26 (c).

In support thereof, plaintiffs state as follows:

1

## Nature of the Case Against Defendants

In this civil rights lawsuit filed on August 29, 2005, pursuant to 42 U.S.C. § 1983, the plaintiffs allege that on the morning of August 27, 2002, plaintiff Susan Carcieri ("Carcieri") was in the course of her employment at the W-G Credit Union ("the credit union"), that as she was entering the credit union office alone to begin work she was accosted by an unidentified and armed assailant. Complaint ¶ 22. Carcieri alleges the assailant tied her arms and legs to a chair and stole $200,000.00 cash from the credit union. Complaint ¶ 23. Carcieri immediately called the Worcester Police and reported the robbery. Carcieri alleges that few days later she was set up, assaulted and falsely imprisoned by various Worcester Police detectives working in concert with the credit union manager, defendant Deborah Beando, and was detained at the Credit Union and accused of being involved in the robbery with her husband. Complaint ¶ 29-37. Plaintiffs also allege that various police detectives obtained a search warrant for their house, assaulted and detained plaintiff George Labadie ("Labadie"), unlawfully confiscated $22,000.00 in U.S. currency from plaintiffs and caused approximately $50,000.00 in property damage to their home. Complaint ¶ 53-57. Plaintiffs also allege other pendent state claims.

After the filing of this action plaintiffs were indicted on or about November 10, 2005, in Worcester Superior Court for various crimes related to the robbery of the credit union. In the indictments, the Commonwealth alleged, *inter alia*, that plaintiffs possessed forged or counterfeit notes with intent to defraud, that while Carcieri was an employee of the credit union she fraudulently converted, took or secreted money belonging to the credit union. Plaintiff Labadie was charged with attempting to commit a crime, e.g.

possession of false, forged or counterfeit notes with intent to injure or defraud and of possessing a plate block engraved or other material adapted to and designed for the forging or making of a false counterfeit note. Both plaintiffs deny these outrageous accusations.

### Status of the Criminal Action in Worcester Superior Court

Copies of the Superior Court dockets for Carcieri and Labadie have been attached. **Ex. 1**. Both of these dockets indicate that the next court event is scheduled for June 14, 2007. Recently, counsel for Labadie, Peter L. Ettenberg, Esquire, was allowed to withdraw as his counsel. **Ex. 2**.[1] Mrs. Carcieri is represented by Attorney James J. Gribouski. **Ex. 3**. Attorney Gribouski has indicated in an Affidavit that "[B]ecause of the pendency of the criminal case I have advised Carcieri and her lawyers that she invoke her constitutional right against self-incrimination until the conclusion of her criminal case." *Id.* at ¶ 5. Attorney Gribouski also stated in his Affidavit that he expected to file a motion to dismiss the indictment against Mrs. Carcieri on June 8, 2007, for insufficiency of the indictment. *Id.* ¶ 7. Attorney Gribouski anticipates the possible disposition of the criminal case against Carcieri by October 2007. *Id.*, ¶ 8. Plaintiffs also submit the affidavit of Labadie in which he states that his former Attorney, Mr. Ettenberg advised him strongly against civil discovery as a result of his Fifth Amendment rights against self incrimination. **Ex. 4**.

---

[1] Plaintiff's counsel has had communications with another criminal defense attorney who is considering taking over the representation of Mr. Labadie's case.

3

## ARGUMENT

## THE COURT SHOULD STAY THE ACTION UNTIL THE CONCLUSION OF THE CRIMINAL CASE IN WORCESTER SUPERIOR COURT

U.S. District Courts have granted protective orders staying further litigation after finding such action would adequately balance civil plaintiffs' Fifth Amendment rights with the defendants' rights to conduct discovery. *Chamberlin v. City of Albuquerque*, Civ. 02-603 JB/ACT (N.M. 2003)(refusing dismissal and staying the action for Sixty (60) days). *Chamberlin,* is instructive here. Chamberlin, a *pro se* litigant, filed a lawsuit against a police officer. When he filed the lawsuit, criminal charges were pending against him as a result of his conduct in the incident that led to the lawsuit. (i.e., a criminal complaint for resisting arrest and battery on a police officer). Chamberlin, similarly to the plaintiffs in this action, alleged he was the victim of police misconduct (brutality). In *Chamberlin,* as in this case, defendants' counsel attempted to depose the plaintiff.

Per Fed.R.Civ.P. 26 (b)(1), parties may be denied discovery of a privileged matter. In *Chamberlin*, the district court analyzed the Fifth Amendment jurisprudence in the context of parallel civil and criminal actions. The court ruled, as this Court should also rule, that "[T]here is no indication here, however, that Chamberlin wishes to 'retreat [] under the cloak of the Fifth Amendment [to] gain an unequal advantage against a party he has chosen to sue.' " *Id.* at 6, quoting *Wehling v. Columbia Broad. Sys.,* 608 F.2d 1084, 1087. (Fifth Circuit reversed the denial of a plaintiff's motion for a protective order and stayed the civil action for three years, until the expiration of the criminal limitations period).

Here it is not unreasonable for the plaintiffs to request a stay of the proceeding until the conclusion of the criminal case. Such a stay does not give them unequal advantage nor does it obliterate the defenses of the moving parties. In *Chamberlin* the court, after balancing the conflicting interests of the parties, ruled that "dismissal is not the only fair alternative at this time." *Id.* The Court agreed with Chamberlin that a stay of the case was appropriate under the circumstances.

The Third Circuit Court of Appeals also reversed and remanded to the district court after finding that the plaintiff's proper invocation of the Fifth Amendment privilege against self-incrimination did not warrant dismissal of civil litigation because other less drastic measures were available to cope with the failure to comply with the defendant's discovery requests. *McMullen v. Bay Ship Management*, 335 F.3d 215 (3rd Cir. 2003). The court upheld a policy of favoring litigation on the merits "rather than imposing dismissal with prejudice or a default judgment" (citations omitted), after ruling that "dismissal of the case was not consistent with a sound exercise of judicial discretion."

The rule for dealing with this issue as stated in *Serafino v. Hasbro, Inc.* 82 F.3d 515 (1st Cir. 1996) also supports denial of defendant's motion to dismiss on the facts of this case. Unlike Carcieri and Labadie, *Serafino*, had not been charged with any crimes. The subject matter of his potential criminal liability (alleged impropriety in employment business arrangements) was identical to the subject matter of his defendants' defense (termination of business and employment relations due to the same). *Id.,* 516 – 519. Here the truth or falsity of the criminal charges pending against the plaintiffs, while they might bear on credibility if they resulted in convictions, have nothing to do with whether the misconduct of the defendants alleged by the plaintiffs happened or not. Not being

able to examine the plaintiffs regarding events that took place before the time of the misconduct they allege may be vexatious, but it does not obliterate the defendants' ability to contest the truth of the allegations or to prove any affirmative defenses they may have. Thus, the first prong of the three-part test in *Serafino* does not support the defendants' motion here.

As to the second test, the availability of an effective substitute for the discovery sought from the plaintiffs, the defendants may not be satisfied with the substitute plaintiffs offer but they have not shown it to be ineffective. Here records produced in the criminal cases against Carcieri and Labadie have been produced to the civil defendants. Ex. 4. While these materials may not be identical to what the rules of civil procedure allow in discovery, it would be hard to deny that staying the civil action and while the prosecution proceeds will halt all discovery useful to the civil defendants. While they would be impeded temporarily in pursuing their own discovery, they may ride the coattails of the prosecutors' discovery to some considerable degree. When the criminal trial takes place, it will likely result in testimony of considerable importance to all the parties in the civil case. Thus, a stay of the civil action only during pendency of the criminal action, is an effective substitute for immediate discovery, a substitute that was not available to the court in *Serafino*. There no criminal charges were pending and the plaintiff did not move for a stay.

A stay also meets the third prong of *Serafino* in the plaintiffs' favor. It is an adequate and far more preferable alternative to dismissal. The former leads to disposition of the civil action on the merits without prejudice to either party. It converts the plaintiffs' Fifth Amendment right not into a sword but into delay. Delay is not optimal

6

for the Court or the parties but, at least where the delay is reasonable as here, it is not prejudicial. Dismissal, on the other hand, is a procedural *deus ex machina* that lets the defendants out of the action on purely procedural grounds unrelated to the merits. In *Serafino,* as noted, there was no motion for stay and any stay could not have been limited by the time needed for conclusion of a pending criminal action. Hence in that case the First Circuit found no abuse of discretion in the trial court's conclusion that there was no practical alternative to dismissal.

Here, the assertion of the Fifth Amendment privilege until the conclusion of a pending criminal case against Labadie and Carcieri, expected well before year's end, would neither prejudice the moving defendants, obliterate their defense or abridge their due process rights. The moving defendants fail to show how any prejudice would ensue from the staying of the civil action until the conclusion of the criminal case. This is the course this Court has followed thus far, and properly so. Absent a showing of actual prejudice the Court should continue to "strive to accommodate a party's Fifth Amendment interests[.]" *Serafino* at 518, citing *United States v. Parcels of Land,* 903 F.2d 36, 44 (1st Cir. 1990).

WHEREFORE, plaintiffs respectfully request the Court deny defendants' motion to dismiss or for alternative relief in its entirety, and they request the Court issue a temporary protective order barring further discovery against them or that the Court stay further proceedings in this action until disposition of the criminal charges currently pending against the defendants.

                                                Respectfully submitted,
                                                The Plaintiffs by their attorneys,

                                                /s/ Hector E. Pineiro

                                                Hector E. Pineiro, BBO # 555315
                                                Robert A. Scott, BBO # 632447
                                                807 Main Street
                                                Worcester, MA 01610
                                                Tel.  (508) 770-0600
                                                FAX (508) 770-1300

DATED: June 8, 2007

### Certificate of Service:

I, Hector E. Pineiro, hereby certify that on this 8th of June, this document filed through the ECF system will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF) and that there are no non-registered participants on June 8, 2007.

                                                /s/ Hector E. Pineiro
                                                Hector E. Pineiro

CASE NO. 05-2190

## CLERK'S LOG

COMMONWEALTH vs.

Susan Carcieri

_Suco_
Assistant District Attorney

Filed 06/08/2007

Attorney for Defendant

| DATE | JUDGE | PROCEDURE | CLERK | CRT RPTR |
|---|---|---|---|---|
| 12/7/05 | McKeon | P- NG -- track C - PR | KG/S | CP |
| | | 1/27 PC / 3/6 crash / 3/3 PT | | |
| 2/10/06 | Fecteau | PTH held c 3/6/06 | 30na | Witzerzel |
| 3/6/06 | McCann | PTC-H Cmpl 4/14/06 | KG/CB | JW |
| 4/14/06 | Golden CM | PTC-H c 5/24/06 | XG | CP |
| 5/24/06 | Henry | PTC-H Esg 6/21/06 ✓ | KG | JE |
| 6/21/06 | McIntyre | PTC-H c 6/29/06 Esg. | KG/CB | CB |
| 7/19/06 | Zorla | PTC-H c 9/6/06 | KG/CB | SG |
| 9/6/06 | Fecteau | Status held c 10/31 M/S | " | HD |
| 11/23/06 | Zw | PTC-H Cmpl 12/8/06 | KG/CB | CP |
| 12/8/06 | Zorla | PTC-H c 1/11/07 | KG/CB | JE |
| 2/15/07 | Fecteau | S held c 3/28/07 | 30na | Sarvin |
| 4/25/07 | Kenton | PTC-H File M 6/1/07, M 6/14/07 | KG/CB | JW |

CASE NO. 05-2190 (2)

## CLERK'S LOG

**COMMONWEALTH vs.**

_Guerri_
Assistant District Attorney

_Susan Guerri_
Filed 06/08/2007
Attorney for Defendant

| DATE | JUDGE | PROCEDURE | CLERK | CRT RPTR |
|------|-------|-----------|-------|----------|
| 12/1/05 | Hillman | Pl. NG | LG/CS | CF |

CASE NO. 05-2191

## CLERK'S LOG

**COMMONWEALTH vs.**

George Zabadie

R Gregg
Assistant District Attorney

_____
Attorney for Defendant

| DATE | JUDGE | PROCEDURE | CLERK | CRT RPTR |
|---|---|---|---|---|
| 12/7/05 | McIntyre | PNG & R PTC-1/27/05 Cmpd 3/6/06 PTH 3/13/06 —F | KG/CB | CP |
| 3/6/06 | McCann | PTC-H Cmpd 4/14/06 | KG/CB | JW |
| 4/14/06 | Gable (TM) | PTC-H C 5/24/06 | KG | CP |
| 5/24/06 | Henry | PTC-H C 6/21/06 ✓ | KG | JE |
| 6/21/06 | McIntyre | PTC-H C 6/29/06 | KG/CB | CS |
| 7/19/06 | Zoole | PTC-H C 9/6/06 | KG/CB | SG |
| 9/6/06 | Fecteau | PTH -- 10/31 M;S | " | HD |
| 11/22/06 | Zu | PTC-H Cmpl 12/8/06 | KG/CB | CP |
| 12/8/06 | Zoole | PTC-H C 1/11/07 | KG/CB | JE |
| 2/15/06 | Fecteau | S held S 3/28/07 | 3ona | Pender |
| 4/25/07 | Kimber | PTC-H Fdon 6/1/07 m 6/14/07 | KG/CD | JW |
| 5/29/07 | Cosgrove | M by Esq to w/drw' Allowed 6/14/07 for new Esq | | |

CASE NO. 05-2191-2

## CLERK'S LOG

**COMMONWEALTH vs.**

George Zabarski

R. Greco
Assistant District Attorney

Filed 02/08/2007

_____
Attorney for Defendant

| DATE | JUDGE | PROCEDURE | CLERK | CRT RPTR |
|------|-------|-----------|-------|----------|
| 12/7/05 | McIntyre | PWS | RMB | CP |

CASE NO. 06-2474

## CLERK'S LOG

**COMMONWEALTH vs.**

George Labonte

R Green
Assistant District Attorney

Filed 06/08/2007
Attorney for Defendant

| DATE | JUDGE | PROCEDURE | CLERK | CRT RPTR |
|---|---|---|---|---|
| 12/8/06 | Locke | PWI PR C 2/15/07 | KGB | AF |
| 2/15/07 | Fecteau | S held S 3/28/07 | Zona | Pender |
| 4/25/07 | Kenton | PTCH File 6/1/07, m 6/14/07 | KGB | JW |
| 5/29/07 | Agnes | M J Eng t w/ draw allowed 6/14/07 for New Esq. | | |



370 Main Street, Worcester, Massachusetts 01608   Tel. (508) 752-6733   Fax: (508) 797-4638

# GOULD & ETTENBERG, P.C.

e-mail:pettenberg@gouldettenberg.com

Counsellors at Law
PETER L. ETTENBERG
MARSHALL A. GOULD
JAMES P. HORAN
DAVID T. BUNKER
DONNA M. REIDY
C. SILVIA LEB
KATHRYN A. O'LEARY
MARIA M. PITNEY
JACLYN R. GREENHALGH

May 21, 2007

Criminal Clerk
Worcester Superior Court
2 Main Street
Worcester, MA 01608

RE: Commonwealth v. George Labadie
   NOS: 052191 & 06-2474

Dear Sir or Madam:

I am enclosing a Motion to Withdraw on the above matter. Please docket and file same on my behalf.

PLEASE PLACE THIS MATTER ON THE LIST FOR HEARING ON MAY 29, 2007.

Thank you for your cooperation.

Very truly yours,

*[signature]*

Peter L. Ettenberg

**FILED**

MAY 2 3 2007

ATTEST: *[signature]* CLERK

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.            WORCESTER SUPERIOR COURT
                                         CRIMINAL NOS. 06-2191
                                                    & 06-2474

COMMONWEALTH OF MASSACHUSETTS      )
                                                               )
                                                                ) MOTION TO
VS.                                               ) WITHDRAW
                                                                )
GEORGE LABADIE                           )

NOW COMES counsel for the defendant in the above entitled matter and respectfully moves this Honorable Court to permit him to withdraw.

As grounds, counsel says that there has been an irretrievable breakdown of the attorney-client relationship that will prevent counsel from effectively representing the defendant. Counsel has met with the defendant on a number of occasions to discuss the case and the relationship between counsel and the defendant. From those meetings it is clear to counsel that his relationship with the defendant cannot continue. The defendant has made a number of disparaging remarks about counsel to other parties, and has sent counsel emails with obvious negative implications.

Peter L. Ettenberg, Esq.
GOULD & ETTENBERG, P.C.
370 Main Street, Suite 1050
Worcester, MA 01608
(508) 752-6377
BBO #156520

FILED
MAY 2 3 2007
ATTEST: _____ CLERK

CERTIFICATE OF SERVICE

I Peter L. Ettenberg, hereby certify that I have served the within Motion by mailing a copy thereof to the defendant, George Labadie at 521 Grafton Street, Worcester, MA 01604, and Assistant District Attorney Richard Greco at 332 Main Street, 3rd Floor, Worcester, MA 01608, together with notice that the same shall be heard on **MAY 29, 2007 at 9:00 AM in Courtroom 204.**

*/s/ Peter L. Ettenberg*
Peter L. Ettenberg

UNITED STATES DISTRICT COURT OF MASSACHUSETTS

WORCESTER, ss.                                              CIVIL ACTION NO. 05-40148 FDS

| | |
|---|---|
| GEORGE LABADIE and SUSAN CARCIERI,<br> Plaintiffs<br><br>v.<br><br>DANIEL ROSARIO, STANLEY CARPENTER, BRIAN HACKETT, W-G FEDERAL CREDIT UNION, DEBORAH BEANDO, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, and THE CITY OF WORCESTER, a Municipal Corporation,<br> Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

### AFFIDAVIT OF JAMES J. GRIBOUSKI, ESQUIRE

1. My name is James J. Gribouski I am a duly licensed attorney in the Commonwealth of Massachusetts since 1980 I am also a member of the U.S. District Court for the District of Massachusetts since1981. I am in good standing in both of these jurisdictions and I have personal knowledge of the facts contained in this affidavit. .

2. My practice of law is almost exclusively dedicated to a criminal defense practice in State and Federal Court.

3. I am Susan Carcieri's criminal defense counsel in two Worcester Superior Court cases entitled: *Commonwealth v. Susan Carcieri*, Indictment 06-247(1)[1] and *Commonwealth v. Susan Carcieri*, 05-2190[2]. I am also aware that Mrs. Carcieri and her husband have filed a federal civil rights lawsuit against the above captioned defendants.

---

[1] This indictment returned by a Worcester County Grand Jury on December 5, 2006, alleges that on August 27, 2002 while being an employee of Wyman Gordon Federal Credit Union, she did fraudulently convert or fraudulently take and secrete with intent to do so, money belonging to such bank in violation of M.G.L. c. 266 § 52.

[2] Another indictment returned by a Worcester County Grand Jury on November 10, 2005 alleges that on or about August 29, 2002, Susan Carcieri did attempt to commit a crime, to wit: Possession of False, Forged or Counterfeited Notes, and in such attempt did possess papers, printing materials, portions of reserve notes, and digital media with intent to injure or defraud, but did fail in the preparation of said attempted offense or was intercepted and prevented in the execution of said attempted offense and also on January 29, 2002 did have in his or her possession a plate or block engraved in any part, or a press or other tool, instrument or implement, or paper or other material adapted to and designed for the forging or making of a false and counterfeit note, with intent to use the same or to cause or permit the same to be used in forging or making such false or counterfeit certificates, bills or notes.

4.   I have examined at the request of Attorney Hector E. Pineiro a motion filed by W-G Federal Credit Union and by Deborah Beando to force my client and her husband to submit to deposition, answer interrogatories or in the alternative to dismiss that action for failure to provide discovery.

5.   Because of the pendency of the criminal case I have advised Mrs. Carcieri and her lawyers that she invoke her constitutional right against self incrimination until the conclusion of her criminal case.

6.   I intend to file a Motion to Dismiss the Indictments against Mrs. Carcieri by June 8, 2007 on grounds that the testimony presented during the grand jury was insufficient as a matter of law to indict Mrs. Carcieri.

7.   Discovery is proceeding expeditiously in this case. The District Attorneys Office has filed motions to summons financial records and that motion was allowed by a Judge in Worcester Superior Court. Our next Court hearing is scheduled to take place on June 14, 2007.

8.   I have also been asked to comment on my predictions of a possible trial date for Mrs. Carcieri's criminal trial. While the Superior Court has not scheduled a trial date on this case, I suspect that we will get a notice of trial for late fall of 2007. I anticipate this case will go trial sometime around October 20007.

8.   I trust have I answered any concerns that the U.S. District Court may have in connection with my response to the defendants' W-G Federal Credit Union and Deborah Beando's Motion to Compel plaintiff to submit to deposition.

    Sworn and subscribed to under the pains and penalties of perjury this 7th day of June 2007.

                                                            _____
                                                            James J. Gribouski, Esquire

UNITED STATES DISTRICT COURT OF MASSACHUSETTS

WORCESTER, ss.                                       CIVIL ACTION NO. 05-40148 FDS

| | |
|---|---|
| GEORGE LABADIE and SUSAN CARCIERI,<br>    Plaintiffs<br><br>v.<br><br>DANIEL ROSARIO, STANLEY CARPENTER, BRIAN HACKETT, W-G FEDERAL CREDIT UNION, DEBORAH BEANDO, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, and THE CITY OF WORCESTER, a Municipal Corporation,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### AFFIDAVIT OF GEORGE LABADIE

1. My name is George Labadie. I live at 521 Grafton Street Worcester, Massachusetts. My statements in this affidavit are based on my own personal knowledge.

2. I am a plaintiff in this civil suit. I am the husband of the other plaintiff, Susan Carcieri.

3. My wife and I are defendants in criminal cases pending in Worcester Superior Court in which we are accused of stealing approximately $200,000 in cash from the W-G Federal Credit Union located at 530 Grafton Street in the City of Worcester on the morning of August 27, 2002.

4. My claims in this suit relate to conduct of members of the Worcester Police Department on and after August 29, 2002, and no claim of mine relates to the conduct of any person or to any event that happened on August 27, 2002.

5. My defense attorney in the criminal case until very recently was Peter L. Ettenberg. When the defendants in this civil case submitted requests for discovery to my civil lawyers, Attorney Ettenberg advised me very strongly against answering the questions and requests because he said the information the defendants sought could be used to incriminate me in violation of my rights under the Fifth Amendment.

6. Attorney Ettenberg provided my civil lawyers with all records and information produced in my criminal case, and I am advised this was provided to the defendants.

7. On May 29, 2007, after obtaining leave of court, Attorney Ettenberg withdrew from the case and he no longer represents me. I opposed his motion to withdraw.

1

8. I am now actively seeking a lawyer to take over my criminal defense. To date since Attorney Ettenberg withdrew I have spoken with attorneys or their assistants at five different law offices. At this time an attorney experienced in criminal law is reviewing my case and hopefully will offer to represent me.

9. Attorney Ettenberg had told me to expect a trial sometime in the fall of this year. I am doing all I can to find another lawyer and to avoid as much as possible any delay from the change in my representation.

Signed and sworn to under the pains and penalties of perjury this 7th day of June, 2007

*George Labadie*
George Labadie